UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------------x
JOHN DOE,                                                              :

    Plaintiff,                                                        :

   -against-                                                             :    **COMPLAINT**

SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY     :    Civil Action No. ____
GENERAL, ANTITRUST DIVISION, DEPT. OF
JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL          :
CRIMINAL ENFORCEMENT SECTION; MARC
SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; :
MARK R. ROSMAN, ASST. CHIEF,
                                                                       :
    Defendants.
                                                                       :
-----------------------------------------------------------------------x

    Plaintiff John Doe[1] brings this action for injunctive relief enjoining Defendants Scott D. Hammond, Acting Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; and Mark R. Rosman, Assistant Chief within the Antitrust Division, from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and in violation of Plaintiff's Fifth Amendment rights. For this Complaint, Plaintiff states by and through his attorneys as follows:

---

[1] As Plaintiff seeks equitable relief from the Court preventing Defendant from disclosing his name to the public, a pseudonym is used instead of Plaintiff's true name.

## THE PARTIES

1. Plaintiff is or was an employee of British Airways Plc ("British Airways"), a public limited company organized and existing under the laws of England and Wales. Plaintiff resides in the United Kingdom.

2. Defendant Scott D. Hammond is the Deputy Assistant Attorney General for Criminal Enforcement of the Department of Justice's Antitrust Division. Upon information and belief, Hammond's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

3. Defendant Lisa M. Phelan is the Chief of the National Criminal Enforcement Section of the Antitrust Division. Upon information and belief, Phelan's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

4. Marc Siegel is the Director of Criminal Enforcement of the Antitrust Division. Upon information and belief, Siegel's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

5. Defendant Mark R. Rosman is an Assistant Chief in the Department of Justice's Criminal Enforcement section of the Antitrust Division. Rosman's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

## JURISDICTION AND VENUE

6. This action arises under the Federal Rules of Criminal Procedure and the Fifth Amendment of the United States Constitution. Accordingly, this Court has subject-matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2).

7. This Court has personal jurisdiction over the Defendants given Defendants' presence in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

## NATURE OF THE CONTROVERSY

9. On August 1, 2007, the United States government filed criminal Information 0713-JDB (the "Information") in the United States District Court for the District of Columbia, charging British Airways in two counts of violating Section 1 of the Sherman Act, 15 U.S.C. § 1. The Information charges that British Airways and certain unidentified co-conspirators unreasonably restrained trade in violation of the Sherman Act.

10. According to a press release issued by the Department of Justice's Antitrust Division that same day, British Airways agreed to plead guilty and to pay a $300 million criminal fine for its role in a conspiracy to fix prices of passenger and cargo flights.

11. The August 1, 2007, press release states that the British Airways plea agreement and another plea agreement reportedly reached with Korean Air Lines Co. Ltd., which was also announced in the press release, are "the first to arise from the Antitrust Division's ongoing investigation into the air transportation industry."

12. Pursuant to the United States' plea agreement with British Airways, the Department of Justice has agreed to grant immunity to all current and former British Airways employees with the exception of approximately ten. These "carved out" employees have not been granted immunity and, thus, are still subjects of the "ongoing investigation" or were subjects of the grand jury investigation and deemed to be uncooperative by the Department of Justice.

13. The Antitrust Division's "ongoing investigation" is an active grand jury investigation into potential violations of the Sherman Act or other federal statutes.

14. The British Airways plea agreement specifically identifies those individuals not granted immunity by the Department of Justice—*i.e.*, those who are or were

1390149v2

subjects of the Antitrust Division's and the grand jury's ongoing investigation. Upon information and belief, no other individuals are identified.

15. Plaintiff is included on the "carve out" list of those individuals not granted immunity pursuant to the British Airways plea agreement. The necessary implication of Plaintiff's presence on this list is that Plaintiff is a subject of the grand jury's investigation or at some point was a subject of the grand jury's investigation and was not cooperative with the Department of Justice.

16. The Defendants intend to publicly file the British Airways plea agreement on August 23, 2007, thereby disclosing that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and Plaintiff's Fifth Amendment rights and in contradiction to the Department of Justice's own policies.

17. On August 15, 2007, counsel for Plaintiff contacted one of the Defendants and requested that Plaintiff not be publicly identified in the British Airways plea agreement. Plaintiff's counsel suggested that the list of non-immunized individuals be filed under seal or that it be transmitted to British Airways as part of a non-public letter.

18. Plaintiff's counsel was informed that the Antitrust Division would likely go forward with the disclosure of the list of non-immunized individuals as part of the plea agreement on August 23, 2007, but Plaintiff was invited to put the request in writing.

19. On August 16, 2007, Plaintiff's counsel submitted such a written request to Defendants. The Defendants did not grant the request.

20. The public identification of Plaintiff would cause severe and irreparable harm to his personal and professional reputation. Indeed, the necessary implication of being

1390149v2

identified on the "carve out" list is that Plaintiff remains a subject of a grand jury investigation as an unindicted co-conspirator of British Airways or that Plaintiff was the subject of a grand jury investigation and was uncooperative with the Department of Justice.

21. Whether or not charges are ever brought against Plaintiff, Plaintiff will never have the ability to clear his name of the suspicion raised by the Defendants' intended actions.

22. Accordingly, Plaintiff seeks emergency, preliminary and permanent injunctive relief enjoining Defendants from publicly identifying him in the British Airways plea agreement and thereby disclosing that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation.

## CAUSES OF ACTION

### First Cause of Action
### Violation of Federal Rule of Criminal Procedure 6(e)

23. Plaintiff repeats and realleges paragraphs 1 through 22.

24. Pursuant to Rule 6(e), except in very limited circumstances not applicable here, an attorney for the government "must not disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B).

25. Courts have repeatedly held that this rule of grand jury secrecy specifically applies to the identities of individuals who are under investigation but who have not been indicted; indeed, one of the primary purposes of Rule 6(e) is to protect the reputations of those who may never be charged with a crime.

26. There is no legitimate basis for the Defendants to identify Plaintiff as a current or former subject of a grand jury investigation—*i.e.*, not granted immunity under the British Airways plea agreement. Any argument that the Defendants would merely be identifying

Plaintiff as exempt from the grant of immunity would be completely disingenuous, especially considering the other avenues of accomplishing that goal.

27. Any purported justification of seeking "transparency" would be a fallacy since, under Rule 6(e), the public does not have a right to know who is or was under investigation by the grand jury.

28. Publicly filing the plea agreement with the "carve out" list would simply be a back-handed way of disclosing matters before the grand jury. The only possible purposes of publicly filing the list would be to humiliate Plaintiff and to improperly pressure him. These purposes are not included in Rule 6(e) as exceptions to grand jury secrecy.

29. The only available remedy to prevent a glaring injustice to Plaintiff, who on information and belief is not charged with any crime, is to enjoin Defendants from publicly identifying him in the British Airways plea agreement.

## Second Cause of Action
### Violation of Plaintiff's Fifth Amendment Right to Due Process of Law

30. Plaintiff repeats and realleges paragraphs 1 through 29.

31. The Fifth Amendment of the Constitution guarantees individuals the right to due process of law when appearing in proceedings before and under the supervision of the United States Courts. Grand jury proceedings are supervised by the court of the district in which the grand jury sits.

32. Upon information and belief, the grand jury has not returned an indictment charging Plaintiff with any crime.

33. Publicly identifying Plaintiff in a context that necessary implies that Plaintiff is the subject of ongoing grand jury proceedings violates Plaintiff's Fifth Amendment rights. Indeed, the function of a grand jury is to serve as a shield against baseless charges of

crime and from misuse of power by prosecutor and court; it is not intended to be used to defame and harass unindicted individuals before it.

34. The Defendants' stated intention to publicly identify Plaintiff as "carved out" of immunity protection implies that Plaintiff remains a subject of a grand jury investigation and/or that Plaintiff was the subject of a grand jury investigation and was uncooperative with the Department of Justice. Such identification would violate Plaintiff's right to due process of law as guaranteed by the Fifth Amendment.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enjoin Defendants from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation;

b. Grant such other and further relief as this Court deems just and appropriate.

Dated: August 20, 2007

Respectfully Submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: Daniel S. Ruzumna (DC Bar No. 450040)
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2034

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2007, I caused a true and correct copy of the foregoing submission be served by way of attachments to an email message upon the following:

>Scott D. Hammond
>Lisa M. Phelan
>Marc Siegel
>Mark R. Rosman
>United States Department of Justice
>National Criminal Enforcement Section
>1401 H Street, N.W., Suite 3700
>Washington, DC  20530

_____
Daniel S. Ruzumna

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
JOHN DOE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  99999
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel S. Ruzumna
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

## DEFENDANTS
SCOTT D. HAMMOND, Deputy Assistant Attorney General, Antitrust Division, U.S. Department of Justice; LISA M. PHELAN, Chief, National Criminal Enforcement Section; MARC SIEGEL, Director of Criminal Enforcement, MARK R. ROSMAN, Assistant Chief

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ● D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
REQUEST FOR TRO/PI BASED ON IMMINENT VIOLATION OF FED. R. CRIM. P. 6(e) AND FIFTH AMENDMENT TO U.S. CONSTITUTION

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 0  Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE AUG. 20, 2007    SIGNATURE OF ATTORNEY OF RECORD [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.