UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------------x
JOHN DOE,                                                            :

        Plaintiff,                                              :

     -against-                                                      :          Civil Action No. _____

SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY    :
GENERAL, ANTITRUST DIVISION, DEPT. OF
JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL           :
CRIMINAL ENFORCEMENT SECTION; MARC
SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; :
MARK R. ROSMAN, ASST. CHIEF
                                                                    :
      Defendants.                                            :
                                                                    :
-----------------------------------------------------------------------x

## PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO ENJOIN PUBLIC DISCLOSURE OF MATTERS BEFORE THE GRAND JURY

Plaintiff John Doe respectfully applies to this Court for a temporary restraining order and preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure to enjoin Defendants Scott D. Hammond, Deputy Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; and Mark R. Rosman, Assistant Chief within the Antitrust Division, from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation.

For the reasons set forth in detail in the accompanying Declaration of Daniel S. Ruzumna and Memorandum of Law, Plaintiff's application should be granted.

Dated: August 20, 2007

Respectfully Submitted,
PATTERSON BELKNAP WEBB & TYLER LLP

By: Daniel S. Ruzumna (DC Bar No. 450040)
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2034

*Attorneys for Plaintiff*

## CERTIFICATE OF COUNSEL PURSUANT TO LOCAL CIVIL RULE 65.1(a)

I, DANIEL S. RUZUMNA, hereby certify under penalty of perjury that actual

notice of the time of making this application, along with copies of all the pleadings and papers

filed to date in this action, have been furnished to the Defendants.

Dated:  August 20, 2007

_____
Daniel S. Ruzumna (DC Bar No. 450040)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------------x

JOHN DOE,                                                  :

       Plaintiff,                                    :

    -against-                                          :          Civil Action No. _____

SCOTT D. HAMMOND, ACTING ASST. ATTORNEY     :
GENERAL, ANTITRUST DIVISION, DEPT. OF
JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL     :
CRIMINAL ENFORCEMENT SECTION; MARC
SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT;   :
MARK R. ROSMAN, ASST. CHIEF
                                                          :

      Defendants.                                  :

------------------------------------------------------------------------x

 

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
APPLICATION FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION TO ENJOIN PUBLIC
<u>DISCLOSURE OF MATTERS BEFORE THE GRAND JURY</u>**

 

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2034

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

Preliminary Statement..................................................................................................2

Relevant Facts..............................................................................................................3

Argument.......................................................................................................................6

I.   Plaintiff Is Likely To Prevail on the Merits............................................................7

   A. Rule 6(e) Prohibits Disclosure of Matters Before the Grand Jury.........................7

   B. Publicly Disclosing Plaintiff's Identity in the BA Plea Agreement
      Would Violate his Fifth Amendment Right to Due Process of Law ...................11

   C. Defendants' Intended Actions Would Violate Even the Department
      of Justice's Policies Prohibiting the Identification of Uncharged
      Third Parties.............................................................................................12

II.  Plaintiff Will Suffer Severe and Irreparable Harm Unless Defendants' Intended Actions Are
     Enjoined.......................................................................................................14

III. Issuing a Temporary Restraining Order and/or Preliminary Injunction Will Not Impair the
     Rights of Defendants or Other Parties .............................................................15

IV.  Issuing Plaintiff's Requested Relief Is in the Public Interest .................................16

Conclusion ..................................................................................................................18

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Barry v. United States*, 865 F.2d 1317 (D.C. Cir. 1989) .....................................................7

*CityFed Fin. Corp v. Office of Thrift Supervision*, 58 F.3d 738 (D.C. Cir. 1995)..............6

*DiLeo v. C.I.R.*, 959 F.2d 16 (2d Cir. 1992) .................................................................8. 10

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1979)...............................16, 17

*Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996)........................................................7, 13, 14

*Fund for Constitutional Government v. National Archives & Records Serv.*,
    656 F.2d 856 (D.C. Cir. 1981) ......................................................................................9

*In re Grand Jury Investigation of Cuisinarts*, 665 F.2d 24 (2d Cir. 1981)........................9

*In re Grand Jury Proceedings, Special Grand Jury 89-2*,
    813 F. Supp. 1451 (D. Colo. 1992)..........................................................................11-12

*In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138 (D.C. Cir. 2006).....................8

*Lucas v. Turner*, 725 F.2d 1095 (7th Cir. 1984) .................................................................8

*In re Motions of Dow Jones & Co.*, 142 F.3d 496 (D.C. Cir. 1998).................................15

*Sea Containers Ltd. v Stena AB*, 890 F.2d 1205 (D.C. Cir. 1989)......................................6

*In re: Sealed Case No. 98-3077*, 151 F.3d 1059 (D.C. Cir. 1998) .....................................7

*Serono Laboratoriess, Inc. v. Shalala*, 158 F.3d 1313 (D.C.Cir.1998) ..............................6

*In re Smith*, 656 F.2d 1101 (5th Cir. 1981)........................................................................13

*United States. v Anderson*, 55 F. Supp. 2d 1163 (D. Kan 1999) ......................................13

*United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975)..................................................11, 13

*United States v. Chadwick*, 556 F.2d 450 (9th Cir. 1977) .................................................11

*United States v. Crompton*, 399 F. Supp. 2d 1047 (N.D. Cal. 2005)...........................10, 11

*United States v. DePalma*, 461 F. Supp. 778 (S.D.N.Y. 1978) ........................................12

**Table of Authorities**
**(continued)**

*United States v. Jones*, 766 F.2d 994 (6th Cir. 1985) ........................................................10

*United States v. Phillips*, 843 F.2d 438 (11th Cir. 1988) ...............................................8, 14

*United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983) .......................................7, 14

*United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985) ...................................................9, 10

*United States v. Smith*, 123 F.3d 140 (3d Cir. 1997) ..........................................................17

*United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998) ....................................................13

## FEDERAL STATUTES

Fed. R. Crim. P. 6(e) ..................................................................................................*passim*

Fed. R. Crim. P. 6(e)(2) ..........................................................................................................7

Fed. R. Crim. P. 6(e)(3) ........................................................................................................10

Section 1 of the Sherman Act, 15 U.S.C. § 1 ........................................................................4

## MISCELLANEOUS

U.S. Attorneys' Manual § 1-1.100 ........................................................................................12

U.S. Attorneys' Manual § 9-27.760 ...............................................................................13, 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------------x

JOHN DOE,                                         :

       Plaintiff,                             :

    -against-                                 :    Civil Action No. _____

SCOTT D. HAMMOND, ACTING ASST. ATTORNEY   :
GENERAL, ANTITRUST DIVISION, DEPT. OF
JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL   :
CRIMINAL ENFORCEMENT SECTION; MARC
SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; :
MARK R. ROSMAN, ASST. CHIEF

                        :

       Defendants.                           :

                        :

----------------------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO ENJOIN PUBLIC DISCLOSURE OF MATTERS BEFORE THE GRAND JURY

      Plaintiff John Doe respectfully submits this memorandum of law in support of its

application for a temporary restraining order and preliminary injunctive relief pursuant to Rule

65 of the Federal Rules of Civil Procedure to enjoin Defendants Scott D. Hammond, Acting

Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan,

Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel,

Director of Criminal Enforcement of the Antitrust Division; and Mark R. Rosman, Assistant

Chief within the Antitrust Division, from publicly identifying him in any manner that explicitly

or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or

was otherwise an unindicted subject of a grand jury investigation. For the reasons set forth in

detail in the accompanying Declaration of Daniel S. Ruzumna and below, Plaintiff's application

should be granted.

**Preliminary Statement**

On August 23, 2007, the Defendants intend to publicly file a plea agreement between the United States and British Airways Plc ("British Airways"), in which British Airways has agreed to plead guilty to two violations of the Sherman Act (referred to herein as the "BA Plea Agreement"). As part of the BA Plea Agreement, the Department of Justice has agreed to grant immunity to all current and former British Airways employees with the exception of approximately ten. These "carved out" employees have not been granted immunity and, thus, are still subjects of what the Department of Justice has referred to in a recent press release as an "ongoing investigation of the airline industry," or were subjects of the grand jury investigation and deemed to be uncooperative by the Department of Justice. Plaintiff has learned, and Defendants have confirmed, that he is one of the "carved out" employees and will not be granted immunity. Plaintiff has also learned that the Defendants intend to *publicly* disclose his identity as part of the BA Plea Agreement as an individual not granted immunity from prosecution, thereby disclosing that Plaintiff is an unindicted co-conspirator of British Airways or, at one point, was a subject of a grand jury investigation and did not cooperate with the government.

Federal Rule of Criminal Procedure 6(e) provides that an attorney for the government "must not disclose a matter occurring before the grand jury." Courts have repeatedly held that this rule of grand jury secrecy specifically applies to the identities of individuals who are or were under investigation but who have not been indicted. Indeed, one of the primary purposes of Rule 6(e) is to protect the reputations of those who may never be charged with a crime. The Defendants' intention to specifically identify Plaintiff in a public document does exactly what Rule 6(e) forbids: it discloses the fact that Plaintiff is or was the subject of an investigation before the grand jury. The necessary implication of identifying Plaintiff—along with only a few others—as exempt from the grant of immunity is that Plaintiff

2

remains a subject of an ongoing grand jury investigation or that he was a subject of a grand jury investigation and was thought to be uncooperative with the government. Rule 6(e) forbids disclosure of such matters. The only possible purposes of publicly identifying Plaintiff is to humiliate our client and to improperly pressure him.

Further, publicly identifying Plaintiff in a context that necessary implies that Plaintiff is or was the subject of ongoing grand jury proceedings violates his Fifth Amendment right to due process of law. The Defendants' planned course of action would brand Plaintiff as someone subject to or formerly subject to an ongoing investigation of potential criminal violations of the antitrust laws without affording him any process whatsoever. The function of a grand jury is to serve as a shield against baseless charges of crime and from misuse of power by a prosecutor. Where, as here, Plaintiff has not been indicted, the Fifth Amendment due process clause prohibits the Defendants from publicly identifying him in a manner suggesting that he may be guilty of a crime.

The impropriety of the Defendants' actions is further demonstrated by the fact that they are inconsistent with the policies—developed on the basis of applicable case law—the Department of Justice has established for federal prosecutors. The United States Attorneys' Manual prohibits disclosure of the identities of uncharged third parties and reminds prosecutors that there is no legitimate interest in alleging wrongdoing by uncharged parties. The existence of these policies highlights that the Defendants' planned actions are violative of the federal rules and Plaintiff's rights. Temporary and preliminary injunctive relief should be granted.

### **Relevant Facts**

On August 1, 2007, the United States government filed Criminal Information 0713-JDB (the "Information") in the United States District Court for the District of Columbia,

charging British Airways in two counts of violating Section 1 of the Sherman Act, 15 U.S.C. § 1. The Information charges that British Airways and certain unidentified co-conspirators unreasonably restrained trade in violation of the Sherman Act. According to a press release issued by the Department of Justice's Antitrust Division that same day, British Airways agreed to plead guilty and to pay a $300 million criminal fine for its role in a conspiracy to fix prices of passenger and cargo flights.

The August 1, 2007 press release states that the BA Plea Agreement and another plea agreement reportedly reached with Korean Air Lines Co. Ltd., which was also first announced in the release, are "*the first* to arise from the Antitrust Division's *ongoing investigation* into the air transportation industry." (emphasis added). The Antitrust Division's "ongoing investigation" has included the issuance of grand jury subpoenas; therefore, the investigation is an active matter *before the grand jury.* Accordingly, pursuant to Rule 6(e), matters before the grand jury must be kept secret.

Pursuant to the BA Plea Agreement, in exchange for British Airways' plea of guilty, the Department of Justice has granted the majority of current and former British Airways employees immunity from criminal prosecution in the United States. However, approximately ten current and former British Airways employees have been "carved out" of the immunity grant and will not receive immunity as part of British Airways' plea deal. According to one of the Defendants, these "carved out" individuals either remain subjects of the ongoing investigation before the grand jury or were subjects of the grand jury investigation and deemed uncooperative by the Department of Justice. According to one of the Defendants, Plaintiff is included on the "carve out" list of those individuals not granted immunity pursuant to the BA Plea Agreement.

Plaintiff's counsel has been informed that, on August 23, 2007, the Defendants intend to *publicly* file the BA Plea Agreement. Further, Plaintiff's counsel has been informed that the BA Plea Agreement, as currently written, specifically identifies those individuals not granted immunity by the Department of Justice—*i.e.*, those who are or were subjects of the Antitrust Division's and the grand jury's "ongoing investigation." Indeed, the necessary implication of being identified on the "carve out" list is that Plaintiff—who has not been indicted or charged with any crime—remains a subject of a grand jury investigation or was the subject of a grand jury investigation and was uncooperative with the Department of Justice. Thus, Plaintiff, an unindicted third party, will be publicly identified by the Defendants as a purported unindicted co-conspirator of British Airways or as a former subject of a grand jury investigation who did not cooperate with the government.

On August 15, 2007, counsel for Plaintiff contacted Defendant Rosman and requested the Defendants not to publicly identify Plaintiff as exempt from the grant of immunity. Despite Plaintiff's objection to such public identification, the Defendants insisted that the names on the "carve out" list (*and presumably none other*) be publicly disclosed in the BA Plea Agreement. Among the alternatives suggested by Plaintiff's counsel and rejected was filing the "carve out" list under seal or including it in a non-public letter to British Airways.

On August 16, 2007, Plaintiff's counsel sent a letter to Defendants urging them to reconsider and advising them that public disclosure of Plaintiff's identity would violate Rule 6(e) and Plaintiff's Fifth Amendment right to due process of law, and would be in contravention of the Department of Justice's own policies regarding the identification of subjects of Department investigations. The Defendants did not grant the request.

The public identification of Plaintiff as intended by the Defendants would violate Rule 6(e) and his Fifth Amendment rights and would cause severe and irreparable harm to Plaintiff's personal and professional reputation, whether or not charges are ever brought against him. Accordingly, Plaintiff respectfully applies for emergency and preliminary injunctive relief to enjoin Defendants from identifying him as an individual not granted immunity under the Department of Justice's plea agreement with British Airways and, by necessary implication, as an unindicted co-conspirator of British Airways or a former subject of a grand jury investigation who did not cooperate with the government.

### Argument

To obtain temporary and preliminary injunctive relief, Plaintiff must demonstrate: (1) that he is likely to prevail on the merits; (2) he will suffer irreparable harm absent the injunction; (3) the injunction would not substantially impair rights of Defendants or other parties; and (4) the injunction would be in the public interest, or at least would not be adverse to the public interest. *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); *Sea Containers Ltd. v Stena AB*, 890 F.2d 1205, 1208 (D.C. Cir. 1989). A court must balance these factors, and "[i]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *Serono Labs.*, 158 F.3d at 1318 (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). Here, all of the factors support the issuance of temporary and preliminary injunctive relief; accordingly, Plaintiff's application should be granted.

1390272v1

**I.      Plaintiff Is Likely To Prevail on the Merits**

The Defendants' intention to publicly identify Plaintiff as exempt from the Department of Justice's immunity protection and, thus, a current or former unindicted subject before the grand jury is a violation of Rule 6(e), which provides for strict secrecy regarding matters before the grand jury, and Plaintiff's Fifth Amendment due process rights.  In fact, the Department's own policy manual for federal prosecutors—the United States Attorneys' Manual—specifically forbids disclosure of the identities of uncharged third parties. Accordingly, Plaintiff has a very strong likelihood of success on the merits.

**A.      Rule 6(e) Prohibits Disclosure of Matters Before the Grand Jury**

Pursuant to Rule 6(e),[1] except in very limited circumstances not applicable here, an attorney for the government "must not disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B).  Courts have repeatedly held that this rule of grand jury secrecy specifically applies to the identities of individuals who are under investigation but who have not been indicted; indeed, one of the primary purposes of Rule 6(e) is to protect the reputations of those who may never be charged with a crime.  *See United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983) ("[B]y preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. . . . Grand jury secrecy, then, is as important for the protection of the innocent as for the pursuit of the guilty."); *Finn v. Schiller*, 72 F.3d 1182, 1189 (4th Cir. 1996) ("A primary purpose of Rule 6 is to protect the unindicted, and the United States Attorney has a duty to protect the innocent as

---

[1] The Court of Appeals for the District of Columbia Circuit has held that Rule 6(e) creates a private right of action for equitable relief and for civil contempt.  *See In re: Sealed Case No. 98-3077*, 151 F.3d 1059, 1069-70 & n.8 (D.C. Cir. 1998); *Barry v. United States*, 865 F.2d 1317, 1321-22 (D.C. Cir. 1989).  If a plaintiff establishes a *prima facie* case that the government has disclosed (or in this case, may disclose) matters occurring before the grand jury, the burden shifts to the government to rebut the *prima facie* case. If the court determines that remedial action is warranted, it may order the government to take whatever steps are necessary to prevent public disclosure of grand jury matters by its employees. *Barry*, 865 F.2d at 1321.

well as to prosecute those indicted by the grand jury."); *DiLeo v. C.I.R.*, 959 F.2d 16, 18-19 (2d Cir. 1992) ("Rule 6(e) of the Federal Rules of Criminal Procedure prohibits, with certain specified exceptions, the disclosure of 'matters occurring before the grand jury'. . . . This rule of nondisclosure serves to effectuate several important policies[, including] . . . protect[ing] the reputations of suspects who are ultimately exonerated by the grand jury."); *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988) ("Grand jury proceedings, both state and federal, have long been protected by a veil of secrecy. The secrecy of the grand jury is sacrosanct. The reasons for protecting the secrecy of the grand jury include . . . protecting the innocent accused, who is later exonerated, from disclosure of the fact that he has been under investigation.").

In a very recent case that received significant public attention, the Court of Appeals for the District of Columbia Circuit reaffirmed the inviolate nature of the grand jury secrecy rule and warned of the serious danger of failing to abide by Rule 6(e): "[W]e agree that some information . . . unquestionably remains grand jury material that Rule 6(e) obligates us to maintain under seal. Its publication at this juncture could identify witnesses, reveal the substance of their testimony, and—worse still—damage the reputations of individuals who may never be charged with crimes." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (per curiam) (emphasis added). The court's findings and rationale are consistent with abundant case law describing the "glaring injustice" and "irreparable harm" that can be caused by the breach of the secrecy rule to those who were subjects of grand jury proceedings but not subsequently indicted. *See, e.g., Lucas v. Turner*, 725 F.2d 1095, 1107 (7th Cir. 1984) ("'A glaring injustice could be inflicted and irreparable injury caused to the reputation of a person if it were to become known that there is or ever was before the grand jury any proceeding concerning

8

him even if he were not subsequently indicted.'") (quoting *In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 33 (2d Cir. 1981)).

In light of the long and uninterrupted line of cases interpreting and applying Rule 6(e), there is no legitimate basis for the Defendants to identify Plaintiff as a current or former subject of a grand jury investigation—*i.e.*, not granted immunity under British Airways' plea agreement. Any argument that the Defendants would merely be identifying Plaintiff as exempt from the grant of immunity and not implying that he is or was a subject of a grand jury investigation would be completely disingenuous. Indeed, there are other available avenues of establishing the boundaries and limitations of the BA Plea Agreement without publicly identifying Plaintiff. To name just two, the "carve out" list could be transmitted to British Airways in a non-public side letter or the list could be filed under seal. Rule 6(e) prohibits explicit disclosure of matters before the grand jury *and implicit disclosure of such matters. See United States v. Smith*, 776 F.2d 1104, 1113-14 (3d Cir. 1985) (affirming the denial of newspapers' motion for access to a document naming unindicted co-conspirators and those who "*could conceivably be considered* as unindicted co-conspirators" because "individuals on the sealed list are faced with more than mere embarrassment. It is no exaggeration to suggest that publication of the list might be career ending for some. Clearly, it will inflict serious injury on the reputations of all.") (emphasis added).

Any argument that the Defendants' actions are driven by the purported goal of "transparency" is also a fallacy since the public does not have a right to know who is or was under investigation by the grand jury. *See Fund for Constitutional Government v. National Archives & Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981) (affirming denial of FOIA request "for information [among other things] . . . discussing the scope, focus and direction of the grand

9

jury investigations . . . . Disclosure of this information would reveal matters occurring before the grand jury and is, therefore, properly exempt from disclosure pursuant to FOIA Exemption 3 and Fed. R. Crim. P. 6(e)"). Publicly filing the plea agreement with the "carve out" list is simply a back-handed way of disclosing matters before the grand jury. The only possible purposes of publicly filing the list is to humiliate Plaintiff and to improperly pressure him. These purposes are not included in Rule 6(e) as exceptions to grand jury secrecy. *See* Fed. R. Crim. P. 6(e)(3).

Though the Defendants will justify their intended actions by referencing a district court case out of California, *United States v. Crompton*, 399 F. Supp.2d 1047 (N.D. Cal. 2005), that single decision is easily distinguishable and, Plaintiff submits, poorly reasoned. There, the court granted the government's motion to unseal a plea agreement that identified an officer of the defendant as not having been granted immunity from prosecution and denied the defendant's motion to have the officer's name redacted. *Id.* at 1051-52. The court found that the identification of an unindicted individual in a plea agreement was less stigmatizing than if it were in an indictment. *Id.* at 1049. Whether or not identification in a plea agreement is less stigmatizing than in an indictment, the *Crompton* court's logic is flawed. First, Rule 6(e) prohibits disclosure of the identities of "*those who could conceivably be considered as unindicted co-conspirators*" in whatever manner it is disclosed. *See Smith*, 776 F.2d at 1113-14. Second, whether disclosed in a plea agreement or otherwise, a statement by the government that an individual has been exempted from an immunity grant necessarily implies that the individual is, or at some point was,[2] a subject in a grand jury investigation. Otherwise, there would be no

---

[2] Rule 6(e) not only protects against disclosure of matters before ongoing grand jury investigations, but it also prohibits disclosure of matters previously before a grand jury. *See DiLeo*, 959 F.2d at 18-19 (providing that Rule 6(e) serves to "protect the reputations of suspects who are ultimately exonerated by the grand jury"); *United States v. Jones*, 766 F.2d 994, 999 (6th Cir. 1985) ("[Grand-jury s]ecrecy also … protects the reputations of those who ultimately are exonerated.").

reason for the Department of Justice not to grant that individual immunity. The Court is not

bound by the decision in *Crompton,* and it should not adopt its reasoning.

Additionally, *Crompton* is easily distinguishable from the situation presented

here. The court in *Crompton* found highly relevant the facts that: (1) the defendant did not seek

to seal the plea agreement when it was initially filed; (2) "the document was mistakenly sealed

from the outset and Defendant's ability to raise the instant motion is nothing but a fortuitous

event"; and (3) two of the executives on that "carve out" list had been indicted and the relevant

officer was never indicted. *Id.* at 1049-50. Plaintiff's situation is notably different: he never

consented to the public filing of any document that includes his name; he is not seeking to

benefit from what was a clear mistake; and it is far from clear that he will not be indicted at some

later point in time. Thus, *Crompton*—even if correctly decided, which we believe it is not—is

not dispositive of the present situation.

**B.      Publicly Disclosing Plaintiff's Identity in the BA Plea Agreement Would
          Violate his Fifth Amendment Right to Due Process of Law**

Plaintiff also has a likelihood of success of enjoining the Defendants' intended

actions because those actions would violate his Fifth Amendment right to due process of law. In

*United States v. Briggs*, 514 F.2d 794, 796 (5th Cir. 1975), the Fifth Circuit expunged the names

of individuals identified in a federal grand jury indictment as "unindicted conspirators" on the

grounds that "the grand jury exceeded its power and authority and that its action was a denial of

due process to appellants." The court explained that the function of a grand jury is to serve "as a

shield for the citizen against baseless charges of crime and from misuse of power by prosecutor

and court," and a grand jury that returns an indictment naming a person as an unindicted

conspirator "does not perform its shielding function but does exactly the reverse." *Id.* at 803; *see

also United States v. Chadwick*, 556 F.2d 450, 450 (9th Cir. 1977) (per curiam); *In re Grand*

11

*Jury Proceedings, Special Grand Jury 89-2*, 813 F.Supp. 1451, 1463 (D. Colo. 1992); *United States v. DePalma*, 461 F.Supp. 778, 800 (S.D.N.Y. 1978).

Publicly identifying Plaintiff in a context that necessary implies that Plaintiff is or once was the subject of grand jury proceedings violates Plaintiff's Fifth Amendment rights. Indeed, the function of a grand jury is to serve as a check on government power; the Defendants should not be permitted to impugn Plaintiff's reputation by publicly identifying in a manner that necessarily implies he was involved in criminal activity (or at a minimum did not cooperate with the Department of Justice) without any due process of law. Indeed, publicly identifying Plaintiff as "carved out" of immunity protection severely tarnishes his reputation without having the allegation approved by a court or a grand jury. Accordingly, doing so violates Plaintiff's right to due process guaranteed by the Fifth Amendment.

### C.    Defendants' Intended Actions Would Violate Even the Department of Justice's Policies Prohibiting the Identification of Uncharged Third Parties

As further support to Plaintiff's likelihood of success on the merits, even the Department of Justice's own policy manual directs that federal prosecutors not disclose in any manner the identities of unindicted third parties. The United States Attorneys' Manual applies to DOJ attorneys responsible for prosecuting alleged violation of federal laws. *See* U.S. Attorneys' Manual § 1-1.100 ( "The United States Attorneys' Manual is a looseleaf text designed as a quick and ready reference for United States Attorneys, Assistant United States Attorneys, and Department attorneys responsible for the prosecution of violations of federal law."). While the Manual does not necessarily create rights for private parties, its policies—including those related to the identification of unindicted third parties—are largely based on the Constitution, statutes, and applicable case law.

With regard to the identification of individuals not charged with crimes, the Manual section entitled "Limitation on Identifying Uncharged Third-Parties Publicly" provides in relevant part:

> In all public filings and proceedings, federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged third-parties. In the context of public plea and sentencing proceedings, this means that, in the absence of some significant justification, it is not appropriate to identify (either by name or unnecessarily-specific description), or cause a defendant to identify, a third-party wrongdoer unless that party has been officially charged with the misconduct at issue. . . .

U.S. Attorneys' Manual § 9-27.760. Removing any doubt about the Department of Justice's policy, the Manual cites case law providing that: "there is ordinarily 'no legitimate governmental interest served' by the government's public allegation of wrongdoing by an uncharged party, and this is true '[r]egardless of what criminal charges may . . . b[e] contemplated by the Assistant United States Attorney against the [third-party] for the future.'" *Id.* (citing *In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981)). The Manual explicitly provides that this policy applies to *all forms of public disclosure. See id.* ("Courts have applied this reasoning [i.e., no legitimate purpose in public identification] to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings.") (citing *Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996); *United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975); *United States. v Anderson*, 55 F. Supp.2d 1163 (D. Kan 1999); *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998)).

Accordingly, the United States Attorneys' Manual serves essentially as an admission by the Department of Justice that (1) cases interpreting applicable law prohibit the identification of unindicted third parties; and (2) there is no legitimate basis for the Defendants to

publicly identify Plaintiff in the BA Plea Agreement.  This further demonstrates Plaintiff's likelihood of success on the merits.

## II.    Plaintiff Will Suffer Severe and Irreparable Harm Unless Defendants' Intended Actions Are Enjoined

As so many cases provide, and the United States Attorneys' Manual directs, federal prosecutors are not permitted to identify uncharged third parties in indictments, plea proceedings or otherwise largely because of the severe and irreparable harm such identification would have on the third parties' reputations. *See Sells Engineering*, 463 U.S. at 424 (grand jury secrecy "assure[s] that persons who are accused but exonerated by the grand jury will not be held up to public ridicule"); *Phillips*, 843 F.2d at 441 ("The reasons for protecting the secrecy of the grand jury include . . . protecting the innocent accused, who is later exonerated, from disclosure of the fact that he has been under investigation."); U.S. Attorneys' Manual § 9-27.760 (prohibiting the identification of unindicted third parties in all government pleadings).

As the Fourth Circuit stated in *Finn v. Schiller*, "[o]verzealous prosecutors must not be allowed to file sweeping statements of facts alleging violations of various laws by unindicted individuals.  A primary purpose of Rule 6 is to protect the unindicted." *Finn*, 72 F.3d at 1186 (addressing matter in which government filed statement describing alleged criminal conduct by unindicted third party).  If the Defendants proceed to identify Plaintiff in the BA Plea Agreement, despite the lack of charges against him, the Defendant would be making a public declaration that he is an unindicted co-conspirator of British Airways or a former subject of a grand jury investigation who did not cooperate with the government.  The damage of such a government pronouncement would be permanent:  once a bell is rung, it cannot be un-rung.

14

### III.    Issuing a Temporary Restraining Order and/or Preliminary Injunction Will Not Impair the Rights of Defendants or Other Parties

Granting Plaintiff's application will not impair the Defendants' rights because they have no right to make such a disclosure in the first place. As the discussion of Rule 6(e) above indicates, matters occurring before a grand jury are to be kept in the strictest confidence, subject to disclosure only in certain narrowly defined situations, none of which is applicable here.

Likewise, granting the requested relief will not impair the rights of any other party since no other party has a right to know that Plaintiff is or at some point was a subject of proceedings before the grand jury. The public does not have a general "right to know" the identities of individuals under investigation. *See, e.g., In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499 (D.C. Cir. 1998) ("A settled proposition, one the press does not contest, is this: there is no First Amendment right of access to grand jury proceedings."). The only parties entitled to such information are those described in Rule 6(e)(3), and the relief requested here will in no way obstruct them from learning that should they satisfy the Rule's requirements.

If the Court were to grant Plaintiff's application, the Defendants would face the minor inconvenience of redacting the "carve out" list from the BA Plea Agreement, but this requires nothing more than a black pen. The Defendants, or British Airways itself, could still disclose to any interested party whether he or she has been granted immunity as part of the Plea Agreement. In fact, on information and belief, all those current and former British Airways employees exempt from the grant of immunity are already aware of the decision. Thus, there is no possibility that the BA Plea Agreement would lack clarity or be subject to later challenge on this issue.

15

In short, enjoining Defendants from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that he is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation does not impair the Defendants' rights.

## IV.    Issuing Plaintiff's Requested Relief Is in the Public Interest

Granting Plaintiff's application preserves grand jury secrecy and protects the reputations of him and approximately nine other unindicted third parties who may never be charged with an offense. Denying the application would do little other than put the Court's stamp of approval on an action directly at odds with the Department of Justice's own policies. The public interest factor weighs heavily in favor of an injunction.

The Supreme Court has "consistently recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," and has noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218-219 (1979) (footnotes and citation omitted). First, if pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Second, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements by potentially interested parties. Third, there would be the risk that those about to be indicted would flee, or would try to persuade individual grand jurors to vote against indictment. And finally, by preserving the secrecy of the proceedings, the court assures that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. *Id.*

16

The public has a strong interest in the grand jury system functioning properly in secret, and "disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy." *Id.* at 223. The public also has a strong interest in protecting the reputations of those not charged with a crime from government innuendo. In this matter, the only conceivable interest in permitting disclosure of Plaintiff's identity is public curiosity. To the extent the public has an interest in having access to the BA Plea Agreement, the Agreement can be made available with the carve out list redacted. Or the BA Plea Agreement can be revised to simply omit the names of the ten unindicted individuals who have not been granted immunity. The minor inconvenience to the Government does not come close to outweighing the strong public interest in grand jury secrecy. Indeed, "*Douglas Oil* implicitly makes clear that grand jury proceedings are not subject to a First Amendment right of access." *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997).

Accordingly, granting Plaintiff's application is in the public interest.

17

## Conclusion

For all of the foregoing reasons, Plaintiff respectfully submits that the Court

should grant application and enjoin the Defendants from publicly identifying him in any manner

that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British

Airways or is or was otherwise an unindicted subject of a grand jury investigation.

Dated:  August 20, 2007

Respectfully Submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By:  Daniel S. Ruzumna (DC Bar No. 450040)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2034

*Attorneys for Plaintiff*

18

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I caused a true and correct copy of the

foregoing submission be served by way of attachments to an email message upon the following:

Scott D. Hammond
Lisa M. Phelan
Marc Siegel
Mark R. Rosman
United States Department of Justice
National Criminal Enforcement Section
1401 H Street, N.W., Suite 3700
Washington, DC  20530



_____
Daniel S. Ruzumna

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------x

JOHN DOE,                                         :

        Plaintiff,                               :

    -against-                                    :        Civil Action No. _____

SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY      :
GENERAL, ANTITRUST DIVISION, DEPT. OF
JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL         :
CRIMINAL ENFORCEMENT SECTION; MARC
SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT;  :
MARK R. ROSMAN, ASST. CHIEF

                             :

      Defendants.                              :

-------------------------------------------------------------------x

## <u>ORDER</u>

Having considered Plaintiff's application for a temporary restraining order and preliminary injunction, along with the other supporting papers, and all responses thereto, and good cause having been shown,

IT IS HEREBY ORDERED that the application for a temporary restraining order and preliminary injunction is GRANTED and Defendants Scott D. Hammond, Deputy Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; and Mark R. Rosman, Assistant Chief within the Antitrust Division, hereby are enjoined from publicly identifying Plaintiff in any manner that explicitly or implicitly suggests that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation; and

IT IS FURTHER ORDERED that this Order shall remain in effect until

_____ or modified or lifted by this Court.

Dated: August _____, 2007                    SO ORDERED:


                                              _____
                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------------------x
JOHN DOE,                                          :

       Plaintiff,                                 :

    -against-                                      :          Civil Action No. _____

SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY     :
GENERAL, ANTITRUST DIVISION, DEPT. OF
JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL     :
CRIMINAL ENFORCEMENT SECTION; MARC
SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT;    :
MARK R. ROSMAN, ASST. CHIEF
                                   :

      Defendants.                                :

-------------------------------------------------------------------x

## <u>ORDER</u>

      Having considered Plaintiff's application for a temporary restraining order and preliminary injunction, along with the other supporting papers, and all responses thereto, and good cause having been shown,

      IT IS HEREBY ORDERED, that the above named defendants show cause before a motion term of this Court, at Room _____ , United States Courthouse, 33 Constitution Avenue, Washington DC 20001, on _____,_____ , at _____ o'clock ___.m. thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendants from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is or was an unindicted coconspirator of British Airways or otherwise an unindicted subject of a grand jury investigation; and

IT IS FURTHER ORDERED that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, the defendants are temporarily restrained and enjoined from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is or was an unindicted coconspirator of British Airways or otherwise an unindicted subject of a grand jury investigation; and

IT IS FURTHER ORDERED that personal service of a copy of this order and annexed affidavit upon the defendants or their counsel on or before _____ o'clock ___.m., _____,_____, shall be deemed good and sufficient service thereof; and

IT IS FURTHER ORDERED that any responsive papers to this Application shall be personally served on counsel for plaintiff and filed with the Clerk, with a copy delivered to chambers, on or before _____, _____, at 5:00 p.m.; and

IT IS FURTHER ORDERED that any reply papers by plaintiff shall be personally served on counsel for defendants and filed with the Clerk, with a copy delivered to chambers, on or before _____, _____, at 5:00 p.m.; and

IT IS FURTHER ORDERED that this Order shall remain in effect until _____ or modified or lifted by this Court.

Dated: August _____, 2007                    SO ORDERED:


                                             _____
                                             United States District Judge

## PERSONS TO BE SERVED UPON ENTRY OF THIS ORDER

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel S. Ruzumna (DC Bar No. 450040)
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2034

*Attorneys for Plaintiff*

Scott D. Hammond
Lisa M. Phelan
Marc Siegel
Mark R. Rosman
U.S. Department of Justice, Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, DC 20530

*Defendants*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
--------------------------------------------------------------------x
JOHN DOE,                                              :

      Plaintiff,                                     :

    -against-                                          :          Civil Action No. _____

SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY  :
GENERAL, ANTITRUST DIVISION, DEPT. OF
JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL      :
CRIMINAL ENFORCEMENT SECTION; MARC
SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; :
MARK R. ROSMAN, ASST. CHIEF
                                                       :
      Defendants.
                                                       :
--------------------------------------------------------------------x

## DECLARATION OF DANIEL S. RUZUMNA

Daniel S. Ruzumna, under penalty of perjury, declares as follows:

1.     I am an attorney with Patterson Belknap Webb & Tyler, LLP. We have been retained by Plaintiff to represent him in connection with an ongoing grand jury investigation being led by Antitrust Division of the United States Department of Justice. The investigation involves allegations that British Airways Plc ("British Airways") and others violated the Sherman Act through a conspiracy to fix prices of passenger and cargo flights.

2.     I submit this declaration in support of Plaintiff's application for a temporary restraining order and preliminary injunction to enjoin the above-captioned Defendants, all of whom are government attorneys at the Antitrust Division, from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation.

3.      On August 1, 2007, the United States government filed Criminal Information 0713-JDB (the "Information") in the United States District Court for the District of Columbia, charging British Airways in two counts of violating Section 1 of the Sherman Act, 15 U.S.C. § 1.  The Information charges that British Airways and certain unidentified co-conspirators unreasonably restrained trade in violation of the Sherman Act.

4.      According to a press release issued by the Antitrust Division that same day, British Airways agreed to plead guilty and to pay a $300 million criminal fine for its role in a conspiracy to fix prices of passenger and cargo flights.

5.      The August 1, 2007 press release states that the plea agreement between British Airways and the Department of Justice (the "BA Plea Agreement") and another plea agreement reportedly reached with Korean Air Lines Co. Ltd., which was also first announced in the release, are "*the first* to arise from the Antitrust Division's *ongoing investigation* into the air transportation industry."

6.      According to newspaper reports, the Antitrust Division's investigation of the airline industry has included the issuance of grand jury subpoenas; therefore, the investigation is an active matter *before the grand jury.*  Accordingly, pursuant to Rule 6(e), matters before the grand jury must be kept secret.

7.      Based on information provided to me by the Antitrust Division, in exchange for British Airways' plea of guilty, the Department of Justice has granted the majority of current and former British Airways employees immunity from criminal prosecution in the United States.  However, approximately ten current and former British Airways employees have been "carved out" of the immunity grant and will not receive immunity as part of British Airways' plea deal.  Based on information provided to me by the Antitrust Division, these

"carved out" individuals either remain subjects of the ongoing investigation before the grand jury or were subjects of the grand jury investigation and deemed uncooperative by the Department of Justice.

8.      Based on information provided to me by the Antitrust Division, Plaintiff is included on the "carve out" list of those individuals not granted immunity pursuant to the BA Plea Agreement.

9.      On August 15, 2007, I contacted the Antitrust Division and was informed that the Defendants intend to *publicly* file the BA Plea Agreement on August 23, 2007.  Further, I informed that the BA Plea Agreement, as currently written, specifically identifies those individuals not granted immunity by the Department of Justice—*i.e.*, those who are or were subjects of the Antitrust Division's and the grand jury's "ongoing investigation."

10.     Thus, Defendants intend to publicly identify Plaintiff in connection with British Airways plea of guilty to Sherman Act violations despite that, upon information and belief, he has not been indicted or charged with any crime.  The necessary implication of being identified on the "carve out" list is that Plaintiff remains a subject of a grand jury investigation or was the subject of a grand jury investigation and was uncooperative with the Department of Justice.

11.     During the August 15, 2007 telephone conversation, I requested that the Defendants not publicly identify Plaintiff as exempt from the grant of immunity.  Despite Plaintiff's objection to such publicly identification, the Defendants insisted that the names on the "carve out" list (and on information and belief, *none other*) be publicly disclosed in the BA Plea Agreement.  Among the alternatives I suggested were the filing the "carve out" list under seal

and including it in a non-public letter to British Airways. I was informed that I could make my request in writing, and it would be considered.

12.    On August 16, 2007, I sent a letter to Defendants urging them to reconsider and advising them that public disclosure of Plaintiff's identity would violate Rule 6(e) and Plaintiff's Fifth Amendment right to due process of law, and would be in contravention of the Department of Justice's own policies regarding the identification of subjects of a grand jury investigation. The Defendants did not grant the request.

13.    The public identification of Plaintiff as intended by the Defendants would violate Rule 6(e) and his Fifth Amendment rights and would cause severe and irreparable harm to Plaintiff's personal and professional reputation, whether or not charges are ever brought against him. Accordingly, Plaintiff respectfully applies for emergency and preliminary injunctive relief to enjoin Defendants from identifying him as an individual not granted immunity under the Department of Justice's plea agreement with British Airways and, by necessary implication, as an unindicted co-conspirator of British Airways or a former subject of a grand jury investigation who did not cooperate with the government.

14.    I declare, pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on:    August 17, 2007
                New York, New York


_____
Daniel S. Ruzumna