IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>      Defendants. | Civil Action No. 07-1496 JDB |

## JOINT MOTION BY JOHN DOES 2-5 FOR LEAVE TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(b), John Does 2-5 move to intervene as plaintiffs in this action.

On August 20, 2007, Plaintiff John Doe filed this action for injunctive relief seeking to enjoin Defendants Scott Hammond, Deputy Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; and Mark. R. Rosman, Assistant Chief within the Antitrust Division, from publicly identifying Plaintiff John Doe in any manner that explicitly or implicitly discloses that he is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and in violation of Plaintiff's Fifth Amendment rights. John Doe has further filed an application for

a temporary restraining order and preliminary injunction to enjoin public disclosure of matters before the grand jury.

John Does 2-5 similarly seek to enjoin Defendants from publicly identifying them in a manner that violates Federal Rule of Criminal Procedure 6(e), the Fifth Amendment to the U.S. Constitution, and any other applicable law or regulation. As explained in the accompanying memorandum of points and authorities, the proposed intervenors' claims present questions of law and fact which are identical to those present in the instant action.

Accordingly, John Does 2-5 seek to intervene as plaintiffs in this matter and join in John Doe's application for a temporary restraining order. A proposed order is attached.

Dated: August 21, 2007

Respectfully Submitted,

COVINGTON & BURLING LLP

_____
Lanny A. Breuer (D.C. Bar No. 416649)
James M. Garland (D.C. Bar No. 475509)
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
*Attorneys for Intervenor/Plaintiff John Doe #2*


MORVILLO, ABRAMOWITZ, GRAND,
   IASON, ANELLO & BOHRER

_____
James V. Hayes (D.C. Bar No. 482832)
565 Fifth Avenue
New York, New York 10017
(212) 880-9600
*Attorneys for Intervenor/Plaintiff John Doe #3*

CLAYMAN & ROSENBERG

_____
Seth L. Rosenberg (D.C. Bar No. 420812)
305 Madison Avenue – Suite 1301
New York, New York 10165
(212) 922-1080
*Attorneys for Intervenors/Plaintiffs*
*John Does #4 and #5*

## CERTIFICATE OF SERVICE

I, Fuad Rana, hereby certify that on this 21st day of August 2007, I caused a copy of the Joint Motion by John Does 2-5 to Intervene, Memorandum of Points and Authorities in Support of Their Motion to Intervene; and Proposed Order, to be served on the following by facsimile:

Daniel S. Ruzumna
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036
Tel: 212-336-2034
Fax: 212-336-1205

Mark Rosman
Brent Snyder
Mark Grundvig
Kathryn Hellings
Elizabeth Aloi
U.S. Department of Justice
Antitrust Division
1401 H Street, NW, Suite 3700
Washington, DC 20530
Tel: 202-307-6694
Fax: 202-514-6525

_____
Fuad Rana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>    Defendants. | Civil Action No. 07-1496 JDB |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF JOHN DOES 2-5'S JOINT MOTION TO INTERVENE**

Intervenors/Plaintiffs John Does 2-5 submit this memorandum of points and authorities in support of their motion to intervene as a plaintiffs in the above-captioned proceeding. As demonstrated below, John Does 2-5 are entitled to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b)(2).

## BACKGROUND

Defendants have indicated that, on August 23, 2007, they will publicly file a plea agreement between the United States and British Airways Plc ("British Airways"), in which British Airways has agreed to plead guilty to two violations of the Sherman Act (referred to herein as the "BA Plea Agreement"). As part of the BA Plea Agreement, the Department of Justice has agreed to grant immunity to all current and former British Airways employees with the exception of several specific individuals. These "carved out" individuals have not been granted immunity and, thus, are still subjects of what the Department of Justice has referred to in

a recent press release as an "ongoing investigation of the airline industry," or are subjects of the grand jury investigation and deemed to be uncooperative by the Department of Justice.

On August 20, 2007, Plaintiff John Doe filed this action after learning from the Department that he was one of the individuals who will be "carved out" from the scope of the BA Plea Agreement and thus will not be granted immunity. *See* Plaintiff's Memorandum in Support of its Application for a Temporary Restraining Order and Preliminary Injunction to Enjoin Public Disclosure of Matters Before the Grand Jury (filed August 2, 2001), at 2. Plaintiff John Doe further learned that the Department would publicly disclose his identity in connection with the BA Plea Agreement as an individual not granted immunity from prosecution. *Id.* The instant action seeks to enjoin the Defendants from publicly identifying Plaintiff John Doe in any manner that explicitly or implicitly discloses his identity in connection with the BA Plea Agreement as an individual not granted immunity from prosecution. Plaintiff John Doe asserts that such disclosure would violate Federal Rule of Criminal Procedure 6(e), the Fifth Amendment to the U.S. Constitution, and applicable Department of Justice guidelines for federal prosecutors. Plaintiff John Doe has also applied for a temporary restraining order.

Intervenors/Plaintiffs John Does 2-5 are in the same situation as Plaintiff John Doe. Through their counsel, the proposed intervenors have learned, and the Department has confirmed, that they are "carved out" employees and will not be granted immunity. The proposed intervernors have further learned that the Defendants intend to publicly disclose their identity as part of the BA Plea Agreement as individuals not granted immunity from prosecution. John Does 2-5 believe that such public disclosure or identification of their identity would violate Federal Rule of Criminal Procedure 6(e), the Fifth Amendment to the U.S. Constitution, and applicable Department of Justice guidelines for federal prosecutors. Such a disclosure would

2

also be highly prejudicial to the proposed intervenors' personal and professional interests and would be fundamentally unfair.

## ARGUMENT

Permissive intervention is proper upon timely application where "an applicant's claim or defense and the main action have a question of law or fact in common," and when intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). The proposed intervenors seek to join John Doe in arguing that the Defendants should be enjoined from publicly disclosing their identities as part of the BA Plea Agreement. The proposed intervenors interests are identical to those of plaintiff John Doe. Moreover, John Doe 2-5's intervention will not unduly prejudice the original parties or delay the proceedings.

"In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citation omitted). "The requirements for permissive intervention are to be construed liberally, with all doubts resolved in favor of permitting intervention." *In re Vitamins Antitrust Litig.*, No. MISC. 99-197 (TFH), 2001 WL 34088808, at *3 (D.D.C. March 19, 2001) (internal citation and quotation omitted). The proposed intervenors meet each of the requirements for permissive intervention.

I.   **The Proposed Intervenors Have Independent Grounds for Jurisdiction**

Because John Does 2-5's claims raise the same issues under federal law as plaintiff, including Federal Rule of Criminal Procedure 6(e) and the Fifth Amendment to the U.S. Constitution, they have an independent basis for subject matter jurisdiction. *See Duke*

3

*Energy Field Serv. Assets LLC v. FERC*, 150 F. Supp. 2d 150, 153 (D.D.C. 2001) (finding independent ground for subject matter jurisdiction for purposes of permissive intervention where parties alleged violation of federal law).

**II.   The Proposed Intervenors' Motion is Timely**

John Does 2-5 are filing their joint motion for leave to intervene a day after John Doe brought this action. They have also sought leave to intervene prior to the court's ruling on Plaintiff John Doe's application for a temporary retraining order. Thus, they have clearly acted in a timely fashion. *See, e.g., Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (motion to intervene filed "a few weeks after [plaintiff] initiated its action, and before the district court ruled on the preliminary injunction . . . cannot be regarded as untimely"); *Glamis Imperial Corp. v. U.S. Dep't of Interior*, No. Civ. A. 01-530 (RMU), 2001 WL 1704305, at *4 (D.D.C. Nov. 13, 2001) (motion to intervene "before the initiation of substantive proceedings on the merits" was timely and would "not unduly delay or affect the rights of other parties").

**III.   John Does 2-5's Claims Present Questions of Law and Fact Common to Those at Issue Here**

The proposed intervenors' claims raise questions of law and fact common to the claims presented by John Doe. In his complaint, Plaintiff John Doe alleges that the Defendants' plan to publicly disclose his identity in connection with the BA Plea Agreement violates Federal Rule of Criminal Procedure 6(e) and the Fifth Amendment to the U.S. Constitution. John Doe further alleges that Defendants' plan to publicly disclose his identity is inconsistent with policies established by the Department of Justice for federal prosecutors.

The proposed intervenors raise the very same claims as to these same Defendants. They assert that public disclosure of their identities in connection with the BA Plea Agreement would violate Federal Rule of Criminal Procedure 6(e) and the Fifth Amendment to the U.S.

4

Constitution. They also allege that the Defendants' plan violates Department of Justice policies governing federal prosecutors. Accordingly, John Doe and the proposed intervenors raise identical questions of law and fact. Where such common questions exit, courts routinely permit intervention, recognizing that "justice and efficiency will be served by litigating" all the claims "in one forum." *DSMC v. Convera Corp.*, No. CIV. 01-2284 (EGS), 2002 WL 32128704, at *12 (D.D.C. Aug. 29, 2002).

## CONCLUSION

For all of the foregoing reasons, John Does 2-5's joint motion for leave to intervene as plaintiffs should be granted.

Dated: August 21, 2007

> Respectfully Submitted,
>
> COVINGTON & BURLING LLP
>
> /s/ Lanny Breuer
>
> Lanny A. Breuer (D.C. Bar No. 416649)
> James M. Garland (D.C. Bar No. 475509)
> 1201 Pennsylvania Avenue, NW
> Washington, DC 20004-2401
> (202) 662-6000
> *Attorneys for Intervenor/Plaintiff John Doe #2*

5

MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER


_____
James V. Hayes (D.C. Bar No. 482832)
565 Fifth Avenue
New York, New York 10017
(212) 880-9600
*Attorneys for Intervenor/Plaintiff John Doe #3*


CLAYMAN & ROSENBERG


_____
Seth L. Rosenberg (D.C. Bar No. 420812)
305 Madison Avenue – Suite 1301
New York, New York 10165
(212) 922-1080
*Attorneys for Intervenors/Plaintiffs
John Does #4 and #5*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>        Defendants. | Civil Action No. 07-1496 JDB |

## ORDER

Having considered John Does 2-5's Joint Motion to Intervene ("Motion"), along with the supporting Memorandum of Points and Authorities, and good cause having been shown,

IT IS HEREBY ORDERED that the Motion is GRANTED.


Dated: August __, 2007                              SO ORDERED:


                                                    _____

## PERSONS TO BE SERVED UPON ENTRY OF THIS ORDER

Daniel S. Ruzumna
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036
Tel: 212-336-2034
Fax: 212-336-1205

*Attorneys for Plaintiff John Doe*

Lanny A. Breuer
James M. Garland
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: 202-662-6000
Fax: 202-662-6291

*Attorneys for Intervenor/Plaintiff John Doe #2*

Mark Rosman
Brent Snyder
Mark Grundvig
Kathryn Hellings
Elizabeth Aloi
U.S. Department of Justice
Antitrust Division
1401 H Street, NW, Suite 3700
Washington, DC 20530
Tel: 202-307-6694
Fax: 202-514-6525

*Attorneys for Defendants*