IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>      v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>      Defendants. | Civil Action No. 07-1496 (JDB) |

**MOTION FOR LEAVE TO INTERVENE OF JOHN DOE #6**

Pursuant to Federal Rule of Civil Procedure 24(b), John Doe #6 moves to intervene as a plaintiff in this action.[1]

On August 20, 2007, Plaintiff John Doe filed this action for injunctive relief seeking to enjoin Defendants Scott Hammond, Deputy Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; and Mark. R. Rosman, Assistant Chief within the Antitrust Division, from publicly identifying Plaintiff John Doe in any manner that explicitly or implicitly discloses that he is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted

---

[1] John Doe #6 is separately filing a Motion to Seal the Name and Address of Intervenor, along with an accompanying Memorandum of Law in support of the motion.

subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and in violation of Plaintiff's Fifth Amendment rights. John Doe has further filed an application for a temporary restraining order and preliminary injunction to enjoin public disclosure of matters before the grand jury.

John Doe #6 similarly seeks to enjoin Defendants from publicly identifying him in a manner that violates Federal Rule of Criminal Procedure 6(e), the Fifth Amendment to the U.S. Constitution, and any other applicable law or regulation. As explained in the accompanying memorandum of points and authorities, John Doe #6's claims present questions of law and fact common to those present in the instant action.

Accordingly, John Doe #6 seeks to intervene in this matter and join in John Doe's complaint and application for a temporary restraining order. A proposed order is attached.

Dated: August 21, 2007

Respectfully Submitted,

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

_____/s/_____
J. Bruce Maffeo

_____/s/_____
E. Niki Warin
1350 Broadway, Suite 501
New York, New York 10018
(212) 239-4999
*Attorneys for Intervenor/Plaintiff John Doe #6*

> GUERRIERI, EDMOND, CLAYMAN & BARTOS
>
> _____/s/_____
> Robert S. Clayman (D.C. Bar No. 419631)
>
> _____/s/_____
> Carmen Parcelli (D.C. Bar No. 484459)
> 1625 Massachusetts Avenue, N.W., Suite 700
> Washington D.C., 20036
> (202) 624-7400
> *Local Counsel for Intervenor/Plaintiff John Doe #6*

## CERTIFICATE OF SERVICE

I, E. Niki Warin, hereby certify that on this 21st day of August 2007, I caused a copy of the Motion to Intervene of John Doe #6; John Doe #6's Memorandum of Points and Authorities in Support of His Motion to Intervene; and Proposed Order, to be served on the following by facsimile:

Daniel S. Ruzumna
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036
Tel: 212-336-2034
Fax: 212-336-1205

Mark Rosman
Brent Snyder
Mark Grundvig
Kathryn Hellings
Elizabeth Aloi
U.S. Department of Justice
Antitrust Division
1401 H Street, NW, Suite 3700
Washington, DC 20530
Tel: 202-307-6694
Fax: 202-514-6525

_____
E. Niki Warin

88416

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>      Defendants. | Civil Action No. 07-1496 (JDB) |

**JOHN DOE #6'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION TO INTERVENE**

Intervenor/Plaintiff John Doe #6 submits this memorandum of points and authorities in support of his motion to intervene as a plaintiff in the above-captioned proceeding. As demonstrated below, John Doe #6 is entitled to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b)(2).

**BACKGROUND**

Defendants have indicated that, on August 23, 2007, they will publicly file a plea agreement between the United States and British Airways Plc ("British Airways"), in which British Airways has agreed to plead guilty to two violations of the Sherman Act (referred to herein as the "BA Plea Agreement"). As part of the BA Plea Agreement, the Department of Justice has agreed to grant immunity to all current and former British Airways employees with the exception of several specific individuals. These "carved out" individuals have not been granted immunity and, thus, are still subjects of what the Department of Justice has referred to in

a recent press release as an "ongoing investigation of the airline industry," or are subjects of the grand jury investigation and deemed to be uncooperative by the Department of Justice.

On August 20, 2007, Plaintiff John Doe filed this action after learning from the Department that he was one of the individuals who will be "carved out" from the scope of the BA Plea Agreement and thus will not be granted immunity. *See* Plaintiff's Memorandum in Support of its Application for a Temporary Restraining Order and Preliminary Injunction to Enjoin Public Disclosure of Matters Before the Grand Jury (filed August 2, 2001), at 2. Plaintiff John Doe further learned that the Department would publicly disclose his identity in connection with the BA Plea Agreement as an individual not granted immunity from prosecution. *Id.* The instant action seeks to enjoin the Defendants from publicly identifying Plaintiff John Doe in any manner that explicitly or implicitly discloses his identity in connection with the BA Plea Agreement as an individual not granted immunity from prosecution. Plaintiff John Doe asserts that such disclosure would violate Federal Rule of Criminal Procedure 6(e), the Fifth Amendment to the U.S. Constitution, and applicable Department of Justice guidelines for federal prosecutors. Plaintiff John Doe has also applied for a temporary restraining order.

Intervenor/Plaintiff John Doe #6 is in the same situation as Plaintiff John Doe. Through his counsel, John Doe #6 has learned, and the Department has confirmed, that he is one of the "carved out" employees and will not be granted immunity. John Doe #6 has further learned that the Defendants intend to publicly disclose his identity as part of the BA Plea Agreement as an individual not granted immunity from prosecution. John Doe #6 believes that such public disclosure or identification of his identity would violate Federal Rule of Criminal Procedure 6(e), the Fifth Amendment to the U.S. Constitution, and applicable Department of

Justice guidelines for federal prosecutors. Such a disclosure would also be highly prejudicial to John Doe #6's personal and professional interests and would be fundamentally unfair.

## ARGUMENT

Permissive intervention is proper upon timely application where "an applicant's claim or defense and the main action have a question of law or fact in common," and when intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). John Doe #6 seeks to join John Doe in arguing that the Defendants should be enjoined from publicly disclosing their identities as part of the BA Plea Agreement. The issues presented by John Doe #6's complaint overlap substantially with, and indeed are identical to, the issues raised by John Doe in this matter. Moreover, John Doe #6's intervention will not unduly prejudice the original parties or delay the proceedings.

"In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citation omitted). "The requirements for permissive intervention are to be construed liberally, with all doubts resolved in favor of permitting intervention." *In re Vitamins Antitrust Litig.*, No. MISC. 99-197 (TFH), 2001 WL 34088808, at *3 (D.D.C. March 19, 2001) (internal citation and quotation omitted). John Doe #6 meets each of the requirements for permissive intervention.

**I.    John Doe #6 Has an Independent Ground for Jurisdiction**

Because John Doe #6's claims raise issues under federal law, including Federal Rule of Criminal Procedure 6(e) and the Fifth Amendment to the U.S. Constitution, John Doe #6 has an independent basis for subject matter jurisdiction. *See Duke Energy Field Serv. Assets LLC v. FERC*, 150 F. Supp. 2d 150, 153 (D.D.C. 2001) (finding independent ground for subject

matter jurisdiction for purposes of permissive intervention where parties alleged violation of federal law).

## II. John Doe #6's Motion is Timely

John Doe #6 filed his motion for leave to intervene a day after John Doe brought this action. John Doe #6 has also sought leave to intervene prior to the court's ruling on Plaintiff John Doe's application for a temporary retraining order. Thus, he has clearly acted in a timely fashion. *See, e.g., Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (motion to intervene filed "a few weeks after [plaintiff] initiated its action, and before the district court ruled on the preliminary injunction . . . cannot be regarded as untimely"); *Glamis Imperial Corp. v. U.S. Dep't of Interior*, No. Civ. A. 01-530 (RMU), 2001 WL 1704305, at *4 (D.D.C. Nov. 13, 2001) (motion to intervene "before the initiation of substantive proceedings on the merits" was timely and would "not unduly delay or affect the rights of other parties").

## III. John Doe #6's Claims Present Questions of Law and Fact Common to Those at Issue Here

John Doe #6's claims raise questions of law and fact common to the claims presented by John Doe. In his complaint, Plaintiff John Doe alleges that the Defendants' plan to publicly disclose his identity in connection with the BA Plea Agreement violates Federal Rule of Criminal Procedure 6(e) and the Fifth Amendment to the U.S. Constitution. John Doe further alleges that Defendants' plan to publicly disclose his identity is inconsistent with policies established by the Department of Justice for federal prosecutors.

John Doe #6's complaint raises the very same claims as to these same Defendants. John Doe #6 asserts that public disclosure of his identity in connection with the BA Plea Agreement would violate Federal Rule of Criminal Procedure 6(e) and the Fifth Amendment to the U.S. Constitution. John Doe #6 also alleges that the Defendants' plan violates Department of

4

Justice policies governing federal prosecutors. Accordingly, John Doe and John Doe #6 raise identical questions of law and fact. Where such common questions exit, courts routinely permit intervention, recognizing that "justice and efficiency will be served by litigating" all the claims "in one forum." *DSMC v. Convera Corp.*, No. CIV. 01-2284 (EGS), 2002 WL 32128704, at *12 (D.D.C. Aug. 29, 2002).

## CONCLUSION

For all of the foregoing reasons, John Doe #6's motion for leave to intervene as a plaintiff should be granted.

Dated: August 21, 2007

                                    Respectfully Submitted,

                                    MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                                    _____/s/_____
                                    J. Bruce Maffeo

                                    _____/s/_____
                                    E. Niki Warin
                                    1350 Broadway, Suite 501
                                    New York, New York 10018
                                    (212) 239-4999
                                    *Attorneys for Intervenor/Plaintiff John Doe #6*


                                    GUERRIERI, EDMOND, CLAYMAN & BARTOS

                                    _____/s/_____
                                    Robert S. Clayman (D.C. Bar No. 419631)

                                    _____/s/_____
                                    Carmen Parcelli (D.C. Bar No. 484459)
                                    1625 Massachusetts Avenue, N.W., Suite 700
                                    Washington D.C., 20036
                                    (202) 624-7400
                                    *Local Counsel for Intervenor/Plaintiff John Doe #6*

88415

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>　　　　Defendants. | Civil Action No. _____ |

**ORDER**

Having considered John Doe #6's Motion to Intervene ("Motion"), along with the supporting Memorandum of Points and Authorities, and good cause having been shown,

IT IS HEREBY ORDERED that the Motion is GRANTED.

Dated: August __, 2007　　　　　　　　　　　SO ORDERED:

　　　　　　　　　　　　　　　　　　　　　　_____

**PERSONS TO BE SERVED UPON ENTRY OF THIS ORDER**

Daniel S. Ruzumna
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036
Tel: 212-336-2034
Fax: 212-336-1205

*Attorneys for Plaintiff John Doe*

Lanny A. Breuer
James M. Garland
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: 202-662-6000
Fax: 202-662-6291

*Attorneys for Intervenor/Plaintiff John Doe #2*

Mark Rosman
Brent Snyder
Mark Grundvig
Kathryn Hellings
Elizabeth Aloi
U.S. Department of Justice
Antitrust Division
1401 H Street, NW, Suite 3700
Washington, DC 20530
Tel: 202-307-6694
Fax: 202-514-6525

*Attorneys for Defendants*

88426

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>        Defendants. | **COMPLAINT**<br><br>Civil Action No. 07-1496 (JDB) |

Plaintiff John Doe #6[1] brings this action for injunctive relief enjoining Defendants Scott D. Hammond, Acting Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; and Mark R. Rosman, Assistant Chief within the Antitrust Division, from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and in violation of Plaintiff's Fifth Amendment rights. For this Complaint, Plaintiff states by and through his attorneys as follows:

---

[1] As Plaintiff seeks equitable relief from the Court preventing Defendant from disclosing his name to the public, a pseudonym is used instead of Plaintiff's true name.

88419

**THE PARTIES**

1. Plaintiff is or was an employee of British Airways Plc ("British Airways"), a public limited company organized and existing under the laws of England and Wales. Plaintiff resides in the United Kingdom.

2. Defendant Scott D. Hammond is the Deputy Assistant Attorney General for Criminal Enforcement of the Department of Justice's Antitrust Division. Upon information and belief, Hammond's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

3. Defendant Lisa M. Phelan is the Chief of the National Criminal Enforcement Section of the Antitrust Division. Upon information and belief, Phelan's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

4. Marc Siegel is the Director of Criminal Enforcement of the Antitrust Division. Upon information and belief, Siegel's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

5. Defendant Mark R. Rosman is an Assistant Chief in the Department of Justice's Criminal Enforcement section of the Antitrust Division. Rosman's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

**JURISDICTION AND VENUE**

6. This action arises under the Federal Rules of Criminal Procedure and the Fifth Amendment of the United States Constitution. Accordingly, this Court has subject-matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2).

7. This Court has personal jurisdiction over the Defendants given Defendants' presence in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

88419

## NATURE OF THE CONTROVERSY

9. On August 1, 2007, the United States government filed criminal Information 0713-JDB (the "Information") in the United States District Court for the District of Columbia, charging British Airways in two counts of violating Section 1 of the Sherman Act, 15 U.S.C. § 1. The Information charges that British Airways and certain unidentified co-conspirators unreasonably restrained trade in violation of the Sherman Act.

10. According to a press release issued by the Department of Justice's Antitrust Division that same day, British Airways agreed to plead guilty and to pay a $300 million criminal fine for its role in a conspiracy to fix prices of passenger and cargo flights.

11. The August 1, 2007, press release states that the British Airways plea agreement and another plea agreement reportedly reached with Korean Air Lines Co. Ltd., which was also announced in the press release, are "the first to arise from the Antitrust Division's ongoing investigation into the air transportation industry."

12. Pursuant to the United States' plea agreement with British Airways, the Department of Justice has agreed to grant immunity to all current and former British Airways employees with the exception of several individuals. These "carved out" employees have not been granted immunity and, thus, are still subjects of the "ongoing investigation" or were subjects of the grand jury investigation and deemed to be uncooperative by the Department of Justice.

13. The Antitrust Division's "ongoing investigation" is an active grand jury investigation into potential violations of the Sherman Act or other federal statutes.

14. The British Airways plea agreement specifically identifies those individuals not granted immunity by the Department of Justice—*i.e.*, those who are or were

88419

subjects of the Antitrust Division's and the grand jury's ongoing investigation. Upon information and belief, no other individuals are identified.

15. Plaintiff is included on the "carve out" list of those individuals not granted immunity pursuant to the British Airways plea agreement. The necessary implication of Plaintiff's presence on this list is that Plaintiff is a subject of the grand jury's investigation or at some point was a subject of the grand jury's investigation and was not cooperative with the Department of Justice.

16. The Defendants intend to publicly file the British Airways plea agreement on August 23, 2007, thereby disclosing that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and Plaintiff's Fifth Amendment rights and in contradiction to the Department of Justice's own policies.

17. On August 16 and August 20, 2007, counsel for Plaintiff attempted to contact one of the Defendants in order to request that Plaintiff not be publicly identified in the British Airways plea agreement.

18. On August 20, 2007, counsel for Plaintiff attempted to contact the remaining Defendants in order to request that Plaintiff not be publicly identified in the British Airways plea agreement.

19. On August 20, 2007, counsel for Plaintiff sent by facsimile and e-mail a written letter to one of the Defendants, again requesting that Plaintiff not be publicly identified in the British Airways plea agreement.

20. The public identification of Plaintiff would cause severe and irreparable harm to his personal and professional reputation. Indeed, the necessary implication of being

88419

identified on the "carve out" list is that Plaintiff remains a subject of a grand jury investigation as an unindicted co-conspirator of British Airways or that Plaintiff was the subject of a grand jury investigation and was uncooperative with the Department of Justice.

21. Whether or not charges are ever brought against Plaintiff, Plaintiff will never have the ability to clear his name of the suspicion raised by the Defendants' intended actions.

22. Accordingly, Plaintiff seeks emergency, preliminary and permanent injunctive relief enjoining Defendants from publicly identifying him in the British Airways plea agreement and thereby disclosing that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation.

## CAUSES OF ACTION

### First Cause of Action
### Violation of Federal Rule of Criminal Procedure 6(e)

23. Plaintiff repeats and realleges paragraphs 1 through 22.

24. Pursuant to Rule 6(e), except in very limited circumstances not applicable here, an attorney for the government "must not disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B).

25. Courts have repeatedly held that this rule of grand jury secrecy specifically applies to the identities of individuals who are under investigation but who have not been indicted; indeed, one of the primary purposes of Rule 6(e) is to protect the reputations of those who may never be charged with a crime.

26. There is no legitimate basis for the Defendants to identify Plaintiff as a current or former subject of a grand jury investigation—*i.e.*, not granted immunity under the British Airways plea agreement. Any argument that the Defendants would merely be identifying

Plaintiff as exempt from the grant of immunity would be completely disingenuous, especially considering the other avenues of accomplishing that goal.

27. Any purported justification of seeking "transparency" would be a fallacy since, under Rule 6(e), the public does not have a right to know who is or was under investigation by the grand jury.

28. Publicly filing the plea agreement with the "carve out" list would simply be a back-handed way of disclosing matters before the grand jury. The only possible purposes of publicly filing the list would be to humiliate Plaintiff and to improperly pressure him. These purposes are not included in Rule 6(e) as exceptions to grand jury secrecy.

29. The only available remedy to prevent a glaring injustice to Plaintiff, who on information and belief is not charged with any crime, is to enjoin Defendants from publicly identifying him in the British Airways plea agreement.

**Second Cause of Action**
**Violation of Plaintiff's Fifth Amendment Right to Due Process of Law**

30. Plaintiff repeats and realleges paragraphs 1 through 29.

31. The Fifth Amendment of the Constitution guarantees individuals the right to due process of law when appearing in proceedings before and under the supervision of the United States Courts. Grand jury proceedings are supervised by the court of the district in which the grand jury sits.

32. Upon information and belief, the grand jury has not returned an indictment charging Plaintiff with any crime.

33. Publicly identifying Plaintiff in a context that necessary implies that Plaintiff is the subject of ongoing grand jury proceedings violates Plaintiff's Fifth Amendment rights. Indeed, the function of a grand jury is to serve as a shield against baseless charges of

6

crime and from misuse of power by prosecutor and court; it is not intended to be used to defame and harass unindicted individuals before it.

34. The Defendants' stated intention to publicly identify Plaintiff as "carved out" of immunity protection implies that Plaintiff remains a subject of a grand jury investigation and/or that Plaintiff was the subject of a grand jury investigation and was uncooperative with the Department of Justice. Such identification would violate Plaintiff's right to due process of law as guaranteed by the Fifth Amendment.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enjoin Defendants from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation;

b. Grant such other and further relief as this Court deems just and appropriate.

Dated: August 21, 2007

        Respectfully Submitted,

        MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

        _____/s/_____
        J. Bruce Maffeo

        _____/s/_____
        E. Niki Warin
        1350 Broadway, Suite 501
        New York, New York 10018
        (212) 239-4999
        *Attorneys for Intervenor/Plaintiff John Doe #6*

88419

GUERRIERI, EDMOND, CLAYMAN &
BARTOS

_____/s/_____
Robert S. Clayman (D.C. Bar No. 419631)

_____/s/_____
Carmen Parcelli (D.C. Bar No. 484459)
1625 Massachusetts Avenue, N.W., Suite 700
Washington D.C., 20036
(202) 624-7400
*Local Counsel for Intervenor/Plaintiff John Doe #6*

8

88419