IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff,<br><br>and<br><br>JOHN DOE (VII) and JOHN DOE (VIII)<br><br>                Proposed Intervenors-Plaintiffs<br><br>v.<br><br>SCOTT D. HAMMOND, *et al.*,<br><br>                Defendant. | Civil No. 07-1496 (JDB) |

## MOTION TO INTERVENE BY JOHN DOE (VII) AND JOHN DOE (VIII)

John Doe (VII) and John Doe (VIII) (collectively "Intervenors") respectfully request that this Court permit them to intervene as plaintiffs in this lawsuit pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative Fed. R. Civ. P. 24(b)(2), so that they may join in Plaintiff's Complaint (Ct. File No. 3) (the "Complaint") and Application for Temporary Restraining Order and Preliminary Injunction to Enjoin Public Disclosure of Matters Before the Grand Jury (Ct. File No. 4) (the "Application").[1]

Plaintiff has filed the Complaint and the Application seeking to prevent Defendants Scott D. Hammond, Deputy Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust

---

[1] It is Intervenors understanding that five additional John Does have also moved to intervene in this matter.

Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; Mark R. Rosman, Assistant Chief within the Antitrust Division (collectively "Defendants") from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation.  Intervenors' motion is timely.  Intervenors have a direct interest in this matter because Defendants also plan to publicly identify Intervenors in a manner that may explicitly or implicitly disclose that Intervenors are unindicted co-conspirators of British Airways or are or were otherwise unindicted subjects of a grand jury investigation.  In fact, newspapers are already reporting that those people so named by the Department of Justice will be the subject of criminal investigations.  See "Top BA staff face criminal inquiry in price-fixing case: Company to formalize guilty plea next week: Scam still being investigated by Brussels", *The Guardian,* August 18, 2007, attached as Exhibit 1 hereto ("The price fixing scandal at British Airways deepened yesterday after it emerged the US department of justice will open criminal investigations into senior staff at the airline next week.").  Intervenors' interests are not adequately represented by the existing parties to this action.  Accordingly, Intervenors make this timely motion seeking to intervene in this action for the purpose of joining in the Complaint and the Application so that Intervenors may protect their legal and economic interests in the outcome of this action.

WHEREFORE, John Doe (VII) and John Doe (VIII) respectfully request that this Court grant their motion to intervene.

Dated:  August 22, 2007

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP

  /s/ E. Lawrence Barcella, Jr.
E. Lawrence  Barcella, Jr. (DC Bar No. 49841)
Jeremy P. Evans (DC Bar No. 478097)
Paul, Hastings, Janofsky & Walker LLP
875 15th St., NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Counsel for Intervenors John Doe (VII) and John Doe (VIII)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>and<br><br>JOHN DOE (VII) and JOHN DOE (VIII)<br><br>    Proposed Intervenors-<br>    Plaintiffs<br><br>v.<br><br>SCOTT D. HAMMOND, *et al.*,<br><br>    Defendant. | Civil No. 07-1496 (JDB) |

**MEMORANDUM IN SUPPORT OF THE MOTION TO INTERVENE BY JOHN DOE (VII) AND JOHN DOE (VIII)**

  The relief sought by Plaintiff in this case is critical. In fact, newspapers are already reporting that the people named by the Department of Justice in this matter will be the subject of criminal investigations. *See* "Top BA staff face criminal inquiry in price-fixing case: Company to formalize guilty plea next week: Scam still being investigated by Brussels", *The Guardian,* August 18, 2007, attached as Exhibit 1 to the Motion to Intervene ("The price fixing scandal at British Airways deepened yesterday after it emerged the US department of justice will open criminal investigations into senior staff at the airline next week.").

  For all practical purposes, John Doe (VII) and John Doe (VIII) (collectively "Intervenors") are in the identical situation as Plaintiff in this case. Intervenors face the same threat as Plaintiff of having their identities disclosed by Defendants, as part of the same plea agreement, and would suffer the same harm. For these reasons, Intervenors seek the same relief

that Plaintiff seeks. Accordingly, this Court should permit John Doe (VII) and John Doe (VIII) to intervene in this case pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative Fed. R. Civ. P. 24(b)(2), so that they may join in Plaintiff's Complaint (Ct. File No. 3) (the "Complaint") and Application for Temporary Restraining Order and Preliminary Injunction to Enjoin Public Disclosure of Matters Before the Grand Jury (Ct. File No. 4) (the "Application").

## RELEVANT BACKGROUND

As more fully detailed in the Complaint and Application, in this action, Defendants Scott D. Hammond, Deputy Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; Mark R. Rosman, Assistant Chief within the Antitrust Division (collectively "Defendants") intend to publicly file a plea agreement ("BA Plea Agreement") between the United States and British Airways Plc ("British Airways"), in which British Airways has agreed to plead guilty to two violations of the Sherman Act. As part of the BA Plea Agreement, the Department of Justice has agreed to grant immunity to all current and former British Airways employees with the exception of approximately ten. These "carved out" employees have not been granted immunity and, thus, are still subjects of what the Department of Justice has referred to in a recent press release as an "ongoing investigation of the airline industry," or were subjects of the grand jury investigation and deemed to be uncooperative by the Department of Justice.

Plaintiff is one of the "carved out" employees and will not be granted immunity. On August 15, 2007, Plaintiff's counsel contacted one of Defendants to request that Plaintiff not be publicly identified in the BA Plea Agreement. On August 16, 2007, Plaintiff's counsel put this request that Plaintiff not be identified in writing. Defendants rejected that request. Accordingly,

Plaintiff initiated this action to stop Defendants from publicly disclosing his identity as part of the BA Plea Agreement as an individual not granted immunity from prosecution, thereby disclosing that Plaintiff is an unindicted co-conspirator with British Airways or, at one point, was a subject of a grand jury investigation and did not cooperate with the government.

Almost every word of the Complaint and Application is as equally applicable to Intervenors as it is to Plaintiff. Much like Plaintiff, Intervenors have also learned, and Defendants have confirmed, that Intervenors are two of the "carved out" employees and will not be granted immunity. Thus, much like Plaintiff, Intervenors' identities will be publicly disclosed as part of the BA Plea Agreement as individuals not granted immunity from prosecution, thereby disclosing that Intervenors are unindicted co-conspirators with British Airways or, at one point, were subjects of a grand jury investigation and did not cooperate with the government. Moreover, similar to Plaintiff, Intervenors made a written request to the Department of Justice by letter on August 20 and were informed in a telephone call on August 21 that the request had been denied. Thus, for all practical purposes, Intervenors are in the identical situation to Plaintiff.

## ARGUMENT

Intervenors should be permitted to intervene in this action to join in the Complaint and the Application. Intervenors satisfy the requirements for intervention as matter of right under Fed. R. Civ. P. 24(a), and at a minimum, the Court should permit Intervenors to intervene under Fed. R. Civ. P. 24(b).

Fed. R. Civ. P. 24(a)(2) provides that upon timely application, a party shall be permitted to intervene as a matter of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest,

>unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).  Thus, the grounds for intervention are: (1) that the motion to intervene was timely made, (2) that the movant has a cognizable interest in the action; (3) that the movant's interest would be impaired by disposition of the action; and (4) that the movant is not adequately represented by existing parties. Intervenors meet all of these requirements.

*First*, the motion is timely.  This action was initiated on August 20, 2007, and Intervenors have filed their motion two days later.

*Second*, Intervenors have a cognizable interest in this action.  If intervention is not allowed, on August 23, 2007, Defendant will publicly disclose Intervenors' identity as part of the BA Plea Agreement as individuals not granted immunity from prosecution, thereby disclosing that Intervenors are unindicted co-conspirators with British Airways or, at one point, were subject of a grand jury investigation and did not cooperate with the government.  Courts do allow intervention to protect the intervenor's identity.  *Doe v. Wachovia Corp.*, 268 F. Supp. 2d 627 (W.D.N.C. 2003) (granting motion to intervene to "argue that the disclosure of their identities will constitute irreparable harm").

*Third*, disposition of this action may impair Intervenors' interests.  If the Application is denied, Intervenors along with Plaintiff, will suffer severe and irreparable harm to their person and professional reputations.  Indeed, newspapers are already reporting that the people named by the Department of Justice in this matter will be the subject of criminal investigations.  *See* "Top BA staff face criminal inquiry in price-fixing case: Company to formalize guilty plea next week: Scam still being investigated by Brussels", *The Guardian,* August 18, 2007, attached as Exhibit 1 to the Motion to Intervene ("The price fixing scandal at British Airways deepened yesterday after it emerged the US department of justice will open criminal investigations into senior staff at the

-4-

airline next week."). Moreover, if Plaintiff is successful and his name is not publicly disclosed, but Intervenors' names are disclosed, it will only further serve to turn the unwanted and unwarranted spotlight on Intervenors.

*Fourth*, Intervenors are not adequately represented by existing parties. While Intervenors take the position that any relief afforded to Plaintiff should apply to all the British Airways employees "carved out" of the BA Plea Agreement, the Complaint and Application as currently drafted appear to only reference Plaintiff. Thus, to ensure that Intervenors are covered by any relief granted to Plaintiff, Intervenors should be allowed to intervene in this action and join in the Complaint and Application.

WHEREFORE, John Doe (VII) and John Doe (VIII) respectfully request that this Court grant their motion to intervene.

Dated: August 22, 2007

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP

  /s/ E. Lawrence Barcella, Jr.
E. Lawrence Barcella, Jr. (DC Bar No. 49841)
Jeremy P. Evans (DC Bar No. 478097)
Paul, Hastings, Janofsky & Walker LLP
875 15th St., NW
Washington, DC 20005
Telephone: (202) 551-1700
Telephone: (202) 551-1705

*Counsel for Intervenors John Doe (VII) and John Doe (VIII)*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served upon the undersigned attorney by facsimile and First Class mail, postage prepaid at the address set out below on August 22, 2007:

    Mark Rosman, Assistant Chief
    Brent Snyder, Trial Attorney
    Mark Grundvig, Trian Attorney
    Kathryn Hellings, Trial Attorney
    Elizabeth Aloi, Trial Attorney
    U.S. Department of Justice
    Antitrust Division
    1401 H. Street, N.W., Suite 3700
    Washington, D.C. 20530
    Tel: 202-307-6694
    Fax: 202-514-6525

    Daryl A. Libow
    Joseph J. Reilly
    Sullivan & Cromwell LLP
    Washington, DC 20006
    Tel: 202-956-7650
    Fax: 202-293-6330

    Daniel S. Ruzumna
    Patterson, Belknap, Webb & Tyler
    1133 Avenue of the Americas
    New York, NY 10036
    Tel: 212-336-2034
    Fax: 212-336-1205

Dated: August 22, 2007                            /s/ Jeremy Evans
                                                      Jeremy Evans

3 of 5 DOCUMENTS

Copyright 2007 Guardian Newspapers Limited
All Rights Reserved
The Guardian (London) - Final Edition

August 18, 2007 Saturday

**SECTION:** GUARDIAN HOME PAGES; Pg. 4

**LENGTH:** 665 words

**HEADLINE:** Top BA staff face criminal inquiry in price-fixing case: Company to formalise guilty plea next week: Scam still being investigated by Brussels

**BYLINE:** Dan Milmo, Transport correspondent

**BODY:**

   The price fixing scandal at British Airways deepened yesterday after it emerged the US department of justice will open criminal investigations into senior staff at the airline next week.

   BA will formalise its guilty plea to fixing fuel surcharges on long-haul passenger and cargo flights in a court appearance in Washington on Thursday. It is understood that the DoJ will also name airline staff who face criminal investigation under anti-cartel laws, including some names that are well known in aviation circles. BA was fined £270m by authorities on both sides of the Atlantic earlier this month after admitting the surcharge scam, which included a long-running conspiracy with Virgin Atlantic over passenger flights.

   Two former BA employees have left the company since a price-fixing conspiracy emerged last summer. Martin George, former commercial director, and Iain Burns, former head of communications, resigned in October and are expected to be named as suspects by the DoJ.

   However, the naming of current employees will be a further embarrassment to BA, which is facing a multi-million dollar class action lawsuit from passengers over the cartel. It is understood that up to 20 staff could be named, indicating that the price fixing operation was more sophisticated than first thought.

   Willie Walsh, the BA chief executive, condemned the price fixing earlier this month but said it was caused by the "anti-competitive conduct of a very limited number of individuals". BA declined to comment on the prospect of employees being implicated. A spokesman said: "As per the court register, British Airways is scheduled to appear in court in Washington on Thursday August 23. Beyond this we have no further comment to make." The DoJ declined to comment.

   The price fixing of long-haul fuel surcharges - a levy placed on tickets to cover the rising cost of oil - between BA and Virgin Atlantic lasted from August 2004 to January 2006 and ended after Virgin Atlantic blew the whistle on its competitor. Had BA contacted competition authorities first, Virgin Atlantic would have faced record fines and criminal investigations of its staff.

   The price fixing of passenger surcharges was initiated by BA, when Mr Burns made a phone call to his Virgin counterparts on August 9 2004. The airline's former communications chief has been forced to work abroad after he left BA with a small pay-off, while his immediate boss, Mr George, left with payments of up to £1.6m.

Top BA staff face criminal inquiry in price-fixing case: Company to formalise guilty plea next week: Scam still being investigated by Brussels The Guardian (London) - Final Edition August 18, 2007 Sat

The DoJ has condemned the surcharge fixing, saying that "virtually every American business and consumer was impacted by these crimes". It is believed to be focusing on the cargo scam, which involved several airlines and is still being investigated by competition authorities in Brussels.

BA has indicated an eagerness to see Virgin Atlantic's role in the cartel exposed further. Earlier this month Mr Walsh, who joined the airline after the price fixing began, told the Guardian: "I would be very happy to see all the detail being made public. Clearly the regulators wish to protect the criminal investigation and I can understand that."

Virgin Atlantic, which has apologised for its role in the cartel, will be sued in civil lawsuits related to the case. It was given immunity from criminal prosecution after it was the first to report the illicit talks with BA. However, US litigator Michael Hausfeld is preparing to file a class action lawsuit against BA and Virgin Atlantic in the UK in the autumn. He has promised to give British consumers "the opportunity to recover that which was robbed from them". The consumer group, Which?, is also considering taking legal action.

The inquiry is the latest blow to BA after a difficult year at a business that once flew under the slogan "the world's favourite airline". Over the past year BA has been disrupted by an industrial dispute, the loss of 20,000 bags in a month and ongoing problems at its Heathrow airport base, which faces the threat of direct action from eco-protesters this weekend.

**LOAD-DATE:** August 18, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br> and<br><br>JOHN DOE (VII) and JOHN DOE (VIII)<br><br>   Proposed Intervenors-<br>   Plaintiffs<br><br> v.<br><br>SCOTT D. HAMMOND, *et al.*,<br><br>   Defendant. | Civil No. 07-1496 (JDB) |

## **ORDER**

 Having considered the Motion to Intervene by John Doe (VII) and John Doe (VIII), along with the other supporting papers, and all responses thereto, and good cause having been shown,

 IT IS HEREBY ORDERED that the Motion to Intervene by John Doe (VII) and John Doe (VIII) is GRANTED.

 IT IS SO ORDERED:

Dated: August ____, 2007          _____
                       Hon. John D. Bates
                       United States District Judge