IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT D. HAMMOND, DEPUTY ASST. ATTORNEY GENERAL, ANTITRUST DIVISION, DEPT. OF JUSTICE; LISA M. PHELAN, CHIEF, NATIONAL CRIMINAL ENFORCEMENT SECTION; MARC SIEGEL, DIRECTOR OF CRIMINAL ENFORCEMENT; MARK R. ROSMAN, ASST. CHIEF<br><br>    Defendants. | **COMPLAINT**<br><br>Civil Action No. 07-1496 (JDB) |

Plaintiff John Doe #6[1] brings this action for injunctive relief enjoining Defendants Scott D. Hammond, Acting Assistant Attorney General of the Department of Justice's Antitrust Division; Lisa M. Phelan, Chief of the National Criminal Enforcement Section of the Antitrust Division; Marc Siegel, Director of Criminal Enforcement of the Antitrust Division; and Mark R. Rosman, Assistant Chief within the Antitrust Division, from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and in violation of Plaintiff's Fifth Amendment rights. For this Complaint, Plaintiff states by and through his attorneys as follows:

---

[1] As Plaintiff seeks equitable relief from the Court preventing Defendant from disclosing his name to the public, a pseudonym is used instead of Plaintiff's true name.

88419

## THE PARTIES

1. Plaintiff is or was an employee of British Airways Plc ("British Airways"), a public limited company organized and existing under the laws of England and Wales. Plaintiff resides in the United Kingdom.

2. Defendant Scott D. Hammond is the Deputy Assistant Attorney General for Criminal Enforcement of the Department of Justice's Antitrust Division. Upon information and belief, Hammond's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

3. Defendant Lisa M. Phelan is the Chief of the National Criminal Enforcement Section of the Antitrust Division. Upon information and belief, Phelan's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

4. Marc Siegel is the Director of Criminal Enforcement of the Antitrust Division. Upon information and belief, Siegel's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

5. Defendant Mark R. Rosman is an Assistant Chief in the Department of Justice's Criminal Enforcement section of the Antitrust Division. Rosman's office is located at 1401 H Street, N.W., Suite 3700, Washington, DC 20530.

## JURISDICTION AND VENUE

6. This action arises under the Federal Rules of Criminal Procedure and the Fifth Amendment of the United States Constitution. Accordingly, this Court has subject-matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2).

7. This Court has personal jurisdiction over the Defendants given Defendants' presence in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

88419

**NATURE OF THE CONTROVERSY**

9. On August 1, 2007, the United States government filed criminal Information 0713-JDB (the "Information") in the United States District Court for the District of Columbia, charging British Airways in two counts of violating Section 1 of the Sherman Act, 15 U.S.C. § 1. The Information charges that British Airways and certain unidentified co-conspirators unreasonably restrained trade in violation of the Sherman Act.

10. According to a press release issued by the Department of Justice's Antitrust Division that same day, British Airways agreed to plead guilty and to pay a $300 million criminal fine for its role in a conspiracy to fix prices of passenger and cargo flights.

11. The August 1, 2007, press release states that the British Airways plea agreement and another plea agreement reportedly reached with Korean Air Lines Co. Ltd., which was also announced in the press release, are "the first to arise from the Antitrust Division's ongoing investigation into the air transportation industry."

12. Pursuant to the United States' plea agreement with British Airways, the Department of Justice has agreed to grant immunity to all current and former British Airways employees with the exception of several individuals. These "carved out" employees have not been granted immunity and, thus, are still subjects of the "ongoing investigation" or were subjects of the grand jury investigation and deemed to be uncooperative by the Department of Justice.

13. The Antitrust Division's "ongoing investigation" is an active grand jury investigation into potential violations of the Sherman Act or other federal statutes.

14. The British Airways plea agreement specifically identifies those individuals not granted immunity by the Department of Justice—*i.e.*, those who are or were

88419

subjects of the Antitrust Division's and the grand jury's ongoing investigation. Upon information and belief, no other individuals are identified.

15. Plaintiff is included on the "carve out" list of those individuals not granted immunity pursuant to the British Airways plea agreement. The necessary implication of Plaintiff's presence on this list is that Plaintiff is a subject of the grand jury's investigation or at some point was a subject of the grand jury's investigation and was not cooperative with the Department of Justice.

16. The Defendants intend to publicly file the British Airways plea agreement on August 23, 2007, thereby disclosing that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation, in violation of Federal Rule of Criminal Procedure 6(e) and Plaintiff's Fifth Amendment rights and in contradiction to the Department of Justice's own policies.

17. On August 16 and August 20, 2007, counsel for Plaintiff attempted to contact one of the Defendants in order to request that Plaintiff not be publicly identified in the British Airways plea agreement.

18. On August 20, 2007, counsel for Plaintiff attempted to contact the remaining Defendants in order to request that Plaintiff not be publicly identified in the British Airways plea agreement.

19. On August 20, 2007, counsel for Plaintiff sent by facsimile and e-mail a written letter to one of the Defendants, again requesting that Plaintiff not be publicly identified in the British Airways plea agreement.

20. The public identification of Plaintiff would cause severe and irreparable harm to his personal and professional reputation. Indeed, the necessary implication of being

88419

identified on the "carve out" list is that Plaintiff remains a subject of a grand jury investigation as an unindicted co-conspirator of British Airways or that Plaintiff was the subject of a grand jury investigation and was uncooperative with the Department of Justice.

21. Whether or not charges are ever brought against Plaintiff, Plaintiff will never have the ability to clear his name of the suspicion raised by the Defendants' intended actions.

22. Accordingly, Plaintiff seeks emergency, preliminary and permanent injunctive relief enjoining Defendants from publicly identifying him in the British Airways plea agreement and thereby disclosing that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation.

## CAUSES OF ACTION

### First Cause of Action
### Violation of Federal Rule of Criminal Procedure 6(e)

23. Plaintiff repeats and realleges paragraphs 1 through 22.

24. Pursuant to Rule 6(e), except in very limited circumstances not applicable here, an attorney for the government "must not disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B).

25. Courts have repeatedly held that this rule of grand jury secrecy specifically applies to the identities of individuals who are under investigation but who have not been indicted; indeed, one of the primary purposes of Rule 6(e) is to protect the reputations of those who may never be charged with a crime.

26. There is no legitimate basis for the Defendants to identify Plaintiff as a current or former subject of a grand jury investigation—*i.e.*, not granted immunity under the British Airways plea agreement. Any argument that the Defendants would merely be identifying

88419

Plaintiff as exempt from the grant of immunity would be completely disingenuous, especially considering the other avenues of accomplishing that goal.

27.   Any purported justification of seeking "transparency" would be a fallacy since, under Rule 6(e), the public does not have a right to know who is or was under investigation by the grand jury.

28.   Publicly filing the plea agreement with the "carve out" list would simply be a back-handed way of disclosing matters before the grand jury. The only possible purposes of publicly filing the list would be to humiliate Plaintiff and to improperly pressure him. These purposes are not included in Rule 6(e) as exceptions to grand jury secrecy.

29.   The only available remedy to prevent a glaring injustice to Plaintiff, who on information and belief is not charged with any crime, is to enjoin Defendants from publicly identifying him in the British Airways plea agreement.

**Second Cause of Action**
**Violation of Plaintiff's Fifth Amendment Right to Due Process of Law**

30.   Plaintiff repeats and realleges paragraphs 1 through 29.

31.   The Fifth Amendment of the Constitution guarantees individuals the right to due process of law when appearing in proceedings before and under the supervision of the United States Courts. Grand jury proceedings are supervised by the court of the district in which the grand jury sits.

32.   Upon information and belief, the grand jury has not returned an indictment charging Plaintiff with any crime.

33.   Publicly identifying Plaintiff in a context that necessary implies that Plaintiff is the subject of ongoing grand jury proceedings violates Plaintiff's Fifth Amendment rights. Indeed, the function of a grand jury is to serve as a shield against baseless charges of

6

88419

crime and from misuse of power by prosecutor and court; it is not intended to be used to defame and harass unindicted individuals before it.

34. The Defendants' stated intention to publicly identify Plaintiff as "carved out" of immunity protection implies that Plaintiff remains a subject of a grand jury investigation and/or that Plaintiff was the subject of a grand jury investigation and was uncooperative with the Department of Justice. Such identification would violate Plaintiff's right to due process of law as guaranteed by the Fifth Amendment.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enjoin Defendants from publicly identifying Plaintiff in any manner that explicitly or implicitly discloses that Plaintiff is an unindicted co-conspirator of British Airways or is or was otherwise an unindicted subject of a grand jury investigation;

b. Grant such other and further relief as this Court deems just and appropriate.

Dated: August 21, 2007

                                             Respectfully Submitted,

                                             MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                                             _____/s/_____
                                             J. Bruce Maffeo

                                             _____/s/_____
                                             E. Niki Warin
                                             1350 Broadway, Suite 501
                                             New York, New York 10018
                                             (212) 239-4999
                                             *Attorneys for Intervenor/Plaintiff John Doe #6*

88419

8

          GUERRIERI, EDMOND, CLAYMAN & BARTOS

_____/s/_____
Robert S. Clayman (D.C. Bar No. 419631)

_____/s/_____
Carmen Parcelli (D.C. Bar No. 484459)
1625 Massachusetts Avenue, N.W., Suite 700
Washington D.C., 20036
(202) 624-7400
*Local Counsel for Intervenor/Plaintiff John Doe #6*